**Di–Ann SAVIOUR, Plaintiff,**

v.

**REVCO DISCOUNT DRUG CENTERS, INC., Defendant.**

**Civ. A. No. 87–2492–O.**

United States District Court, D. Kansas.

June 28, 1989.

**570**

Michael R. McIntosh, Kansas City, Kan., for plaintiff.

Russell W. Baker, Jr., David V. Kenner, Spencer, Fane, Britt & Browne, Kansas City, Mo., Josephine A. Mayer, Spencer, Fane, Britt & Browne, Overland Park, Kan., for defendant.

## MEMORANDUM AND ORDER

EARL E. O'CONNOR, Chief Judge.

This matter is before the court on defendant's motion for summary judgment. Instead of opposing defendant's motion, plaintiff moves for voluntary dismissal under Federal Rule of Civil Procedure 41(a)(2). Plaintiff filed her lawsuit in state court on September 11, 1987, alleging pharmaceutical malpractice by defendant. Defendant removed the case to this court on October 6, 1987. Magistrate Rushfelt entered a scheduling order in March 1988, setting April 4, 1988, as the deadline by which plaintiff was to furnish her expert witness information, and setting July 1, 1988, as the deadline by which discovery was to be completed. To date, plaintiff has not provided the required expert witness information.

Both parties agree that expert witness testimony is required in this case to establish the standard of care and to prove causation. Defendant moves for summary judgment, claiming that plaintiff's failure to designate an expert witness makes it impossible for her to prove her case. *See, e.g., Crooks for Williams v. Greene*, 12 Kan.App.2d 62, 736 P.2d 78 (1987). Plaintiff does not dispute defendant's argument, but instead moves for voluntary dismissal to allow her more time to locate an expert witness to testify on her behalf.

Rule 41(a)(2) of the Federal Rules of Civil Procedure governs voluntary dismissals by a plaintiff. This rule states in pertinent part: "an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper." The rule's purpose in requiring an order of the court is to prevent voluntary dismissals which unfairly affect the defendant. 9 C. Wright & A. Miller, *Federal Practice & Procedure: Civil* § 2364 (1971). "Accordingly, the courts have generally followed the traditional principle that dismissals should be allowed unless the defendant will suffer some plain legal prejudice other than the mere prospect of a second lawsuit...." *Id.* Similarly, the mere fact that the plaintiff gains some tactical advantage in dismissing the action without prejudice generally does not warrant denying the motion to dismiss. *McCants v. Ford Motor Co.*, 781 F.2d 855, 857 (11th Cir. 1986); *Quad/Graphics, Inc. v. Fass*, 724 F.2d 1230, 1233 (3d Cir.1983). To avoid a voluntary dismissal, the defendant must establish that the dismissal would work harm "manifestly prejudicial to the defendant." *Belzona Molecular Metalife, Inc. v. Midwest Molecular, Inc.*, No. 86–2564 (D. Kan., *unpublished*, Mar. 19, 1987) (quoting *Spencer v. Moore Business Forms, Inc.*, 87 F.R.D. 118, 119 (N.D.Ga.1980)). Some of the factors courts consider in determining whether the defendant will suffer "legal

prejudice" if a motion to dismiss is granted include:

> [T]he defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and the mere fact that a motion for summary judgment has been filed by the defendant.

*United States v. Outboard Marine Corp.,* 789 F.2d 497, 502 (7th Cir.), *cert. denied,* 479 U.S. 961, 107 S.Ct. 457, 93 L.Ed.2d 403 (1986) (quoting *Pace v. Southern Express Co.,* 409 F.2d 331, 334 (7th Cir.1969)).

■ After careful consideration, the court concludes that granting plaintiff's motion for voluntary dismissal would subject the defendant to manifest legal prejudice. First, the plaintiff has manifested a lack of diligence. Plaintiff was to furnish expert witness information by April 4, 1988. Expert information was not furnished by that date, nor has it been forthcoming, although the plaintiff has had over one additional year to procure an expert, mainly due to a bankruptcy stay.[1] The only explanation plaintiff offers for her lack of diligence is that she is having difficulty retaining an expert because professionals are reluctant to testify against a colleague. This explanation is insufficient to warrant a voluntary dismissal.

Additionally, plaintiff did not move for a voluntary dismissal until *after* defendant filed its motion for summary judgment. As the Seventh Circuit concluded, the mere fact that a defendant has filed a motion for summary judgment is sufficient to establish the requisite "legal prejudice" for denying a voluntary dismissal. *See Outboard Marine,* 789 F.2d at 502. This case is almost three years old. If plaintiff has been unable to procure an expert witness in that length of time, it is doubtful that she will be able to locate one in the next six months.[2]

Without an expert witness, plaintiff cannot prove that defendant's alleged pharmaceutical malpractice was the proximate cause of her alleged injuries. Because "[p]roximate cause is a prerequisite for a finding of liability due to negligence under Kansas law[,]" *Union Pacific Railroad Co. v. General Foods Corp.,* 654 F.Supp. 1074, 1078 (D.Kan.1987), plaintiff's inability to produce evidence regarding proximate cause warrants summary judgment for defendant.

IT IS THEREFORE ORDERED that defendant's motion for summary judgment is granted.

IT IS FURTHER ORDERED that plaintiff's motion for voluntary dismissal under Federal Rule of Civil Procedure 41(a)(2) is denied.

---

1. Defendant Revco filed bankruptcy, and this action was stayed from August 16, 1988, to April 28, 1989.

2. To take advantage of the date a complaint was originally filed and thus avoid statute of limitations problems, a plaintiff must re-file within six months a case dismissed without prejudice.