931 F.2d 1411
 19 Fed.R.Serv.3d 1055
 AMERICAN NATIONAL BANK AND TRUST COMPANY OF SAPULPA;
Michael Stutman, co-guardians of: William Brooks
Balthis, a minor; Debra Leanne Balthis,
a minor; David Balthis, a
minor, Plaintiffs-Appellees,
v.
BIC CORPORATION, Defendant-Appellant.
 No. 90-5174.
 United States Court of Appeals,
Tenth Circuit.
 April 30, 1991.
 
 E. Terrill Corley and Thomas F. Ganem, Tulsa, Okl., Walter Michael Jones, Bristow, Okl., Stephen R. Clark, Bradford Williams, Tulsa, Okl., for plaintiffs-appellees.
 Gary M. Chubbuck and D. Craig Johnston of Pierce, Couch, Hendrickson, Johnston & Baysinger, Oklahoma City, Okl., Michael S. Ryan and William L. Moran of Murnane, Conlin, White, Brandt & Hoffman, St. Paul, Minn., for defendant-appellant.
 Before ANDERSON, TACHA, Circuit Judges, and KANE,** District Judge.
 STEPHEN H. ANDERSON, Circuit Judge.
 
 
 1
 Defendant appeals from an order of the district court dismissing this action without prejudice to subsequent refiling. See Fed.R.Civ.P. 41(a)(2). Defendant argues on appeal that the dismissal should have been on the condition that any refiling of the action be in federal, not state, court. We affirm.[1]
 
 
 2
 Plaintiffs commenced an action in Oklahoma district court against defendant. Defendant removed the action to federal district court on diversity grounds. Subsequently, plaintiffs moved for dismissal of the case without prejudice. Defendant opposed dismissal unless it was conditioned on the requirement that any subsequent action be refiled in federal district court. The district court unconditionally dismissed the case without prejudice, after determining it should not direct refiling in a particular forum.
 
 
 3
 On appeal, defendant first argues that the district court erred in determining that it did not have authority or discretion to impose a condition that plaintiffs' subsequent refiling of the case be in federal district court. Defendant maintains that other courts have reasonably required that the refiling of an action be in federal court, and, therefore, the district court would have been within its discretion to impose such a condition.
 
 
 4
 Federal Rule of Civil Procedure 41(a)(2) permits a district court to dismiss an action without prejudice "upon such terms and conditions as the court deems proper." This court reviews such a dismissal for an abuse of discretion. United States v. Wyoming Nat'l Bank, 505 F.2d 1064, 1066 (10th Cir.1974); Butler v. Denton, 150 F.2d 687, 690 (10th Cir.1945). Reversal requires a clear abuse of discretion. Moore v. C.R. Anthony Co., 198 F.2d 607, 608 (10th Cir.1952).
 
 
 5
 After examining the briefs and record on appeal, we are convinced the district court did not abuse its discretion in failing to impose a refiling condition. Conditions are designed to alleviate any prejudice a defendant might otherwise suffer upon refiling of an action. Cross Westchester Dev. Corp. v. Chiulli, 887 F.2d 431, 432 (2d Cir.1989); McCants v. Ford Motor Co., 781 F.2d 855, 860 (11th Cir.1986). The district court, however, should impose only those conditions which actually will alleviate harm to the defendant. LeCompte v. Mr. Chip, Inc., 528 F.2d 601, 604-05 (5th Cir.1976).
 
 
 6
 The only alleged prejudice in this case, upon refiling, would be resolution of the issues in state, rather than federal, court. Prejudice does not automatically result to defendant from the filing of a second law suit. See Davis v. USX Corp., 819 F.2d 1270, 1274 (4th Cir.1987). The possibility that plaintiffs may gain a tactical advantage by refiling in state court is insufficient to deny a voluntary motion to dismiss without prejudice, especially when state law is involved. See id. at 1275. Thus, there is no legal prejudice to defendant even if a trial is held in state court. See Grivas v. Parmelee Transp. Co., 207 F.2d 334, 338 (7th Cir.1953), cert. denied, 347 U.S. 913, 74 S.Ct. 477, 98 L.Ed. 1069 (1954).
 
 
 7
 Defendant maintains plaintiffs have refiled in Oklahoma state court also naming Oklahoma residents as defendants, thereby precluding it from seeking removal to federal court. If, as defendant suggests, plaintiffs joined the Oklahoma residents without good faith, defendant may remove on the grounds of fraudulent joinder. See Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97, 42 S.Ct. 35, 37, 66 L.Ed. 144 (1921); Stevenson v. Missouri Pac. R.R. Co., 53 F.R.D. 184, 186 (E.D. Ark.1971). If joinder was in good faith, the trial may appropriately be in state court, as defendant has no right to trial in federal court. Stevenson, 53 F.R.D. at 186.
 
 
 8
 Rule 41(a)(2) provides no guarantee of federal jurisdiction to protect a removed action. Thus, it is not an abuse of discretion for the district court to dismiss an action without prejudice even where the plaintiff's only motive is to recommence the action in state court. See Culverhouse v. Biehl & Co., 24 F.R.D. 198, 199-200 (S.D.Tex.1959); Welter v. E.I. Du Pont De Nemours & Co., 1 F.R.D. 551, 552-53 (D.Minn.1941).
 
 
 9
 Contrary to defendant's argument, the district court did recognize that it had the authority to impose a refiling condition. It merely chose not to do so.
 
 
 10
 Defendant also argues that this case should be remanded to the district court for a further explanation of its refusal to impose a condition that the case be refiled only in federal court. Although the district court could have written a clearer and more thorough order explaining its position, the order is sufficient to allow this court to determine whether the district court abused its discretion.
 
 
 11
 The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.
 
 
 
 **
 Honorable John L. Kane, Senior District Judge, United States District Court for the District of Colorado, sitting by designation
 
 
 [1]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument