Mike WIMBER, by and through his parents and next best friends, William and Margaret WIMBER; Alan Chrisman, by and through his Guardian, Joan Harding; Robert Watkins; and on behalf of all those similarly situated, Plaintiffs,

v.

DEPARTMENT OF SOCIAL AND REHABILITATION SERVICES; Donna Whiteman, Secretary of Social and Rehabilitation Services, Kansas, in her individual capacity; Patty Clark, Quality Assurance Director for Kansas Social and Rehabilitation Services, in her individual capacity; Rick Shults, Director of Community MR & DD Services for Kansas Social and Rehabilitation Services, in his individual capacity; Board of Butler County Commissioners, Cindy Ball, Neal Parrish and Leon White; Warren Richardson, Norma Pearce, and David Willits d/b/a Flinthills Services, Inc.; and Flinthills Services, Inc., in whatever its legal capacity, Defendants.

No. 94–4042–SAC.

United States District Court,
D. Kansas.

June 17, 1994.

William L. Fry, Wichita, KS, for Mike Wimber, Alan Chrisman and Robert Watkins.

Jose C. Hurlestone–Peggs, Wichita, KS, for Margaret Wimber, Joan Harding and Robert Watkins.

William J. Badger, John H. House, State of Kansas, Dept. of SRS, Office of the General Counsel, Bruce A. Roby, Kansas Dept. of SRS, Topeka, KS, for Social & Rehabilitation Services.

Deborah Purce–Jones, John H. House, Jones & Jones, Topeka, KS, for Donna Whiteman, Patty Clark and Rick Shults.

Justice B. King, Betty J. Mick, Fisher, Patterson, Sayler & Smith, Topeka, KS, for Bd. of County Com'rs of Butler County, Cindy Ball, Neal Parrish and Leon White.

Mary K. Babcock, Kelly W. Milligan, Foulston & Siefkin, Wichita, KS, for Warren Richardson, Norma Pearce, David Willits, and Flinthills Services, Inc.

## MEMORANDUM AND ORDER

CROW, District Judge.

The case comes before the court on the plaintiffs' motion to dismiss this case without prejudice. (Dk. 58). The plaintiffs are developmentally disabled clients of Terramara, Inc. (Terramara), a private non-profit corporation that provides a work activity center, housing and other services to the developmentally disabled residents of Butler, Greenwood and Elk Counties in Kansas. The plaintiffs allege the defendants conspired to deny them of federal statutory and constitutional rights by designating Flinthills Services, Inc. (Flinthills) as the new community mental retardation facility for Butler County, Kansas, and, in turn, by terminating Terramara's state and county funding that it had received as the previous designated facility for Butler County. Not content with Flinthill's present offerings and unable to stay with Terramara without public funding, the plaintiffs filed this action on March 18, 1994, seeking to enjoin the defendants from withholding public funding to Terramara and from coercing the plaintiffs into leaving Terramara by threatening to withhold the plaintiffs' benefits or Terrmara's funding.

The plaintiffs came before the court on March 18, 1994, asking for an ex parte temporary restraining order. The court denied the plaintiffs' request from the bench. The court next heard and decided the plaintiffs' motion for preliminary injunction. In a forty-page order filed April 13, 1994, the court denied the plaintiffs' motion. (Dk. 47). On April 25, 1994, the defendants, Flinthills and the members of Flinthills' Board of Directors, moved to dismiss the plaintiffs' complaint for failure to state a claim upon which relief can be granted. On May 9, 1994, the defendants, Board of Butler of County Commissioners and the individual commissioners, also moved to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Instead of responding to these motions, the plaintiffs moved to voluntary dismiss their case without prejudice.

 Rule 41(a)(2) controls voluntary dismissals after the opposing party files an answer or motion for summary judgment. A

dismissal without prejudice under Rule 41(a)(2) depends on the district court's discretion and the movant's acceptance of any proper terms and conditions set by the district court. *American Nat. Bank and Trust Co. v. Bic Corp.*, 931 F.2d 1411, 1412 (10th Cir.1991). The district court should exercise its discretion mindful of the purposes of Rule 41(a)(2). *Clark v. Tansy*, 13 F.3d 1407, 1411 (10th Cir.1993). The rule is designed to prevent voluntary dismissals which unfairly affect the other side. *Saviour v. Revco Discount Drug Centers, Inc.*, 126 F.R.D. 569, 570 (D.Kan.1989). "When considering a motion to dismiss without prejudice, 'the important aspect is whether the opposing party will suffer prejudice in the light of the valid interests of the parties.'" *Clark*, 13 F.3d at 1411 (quoting *Barber v. General Electric Co.* 648 F.2d 1272, 1275 (10th Cir.1981)).

■■■ Accordingly, courts generally allow dismissal without prejudice unless the defendant will suffer some plain legal prejudice. *Saviour*, 126 F.R.D. at 570. Neither the mere prospect of a second lawsuit nor a tactical advantage to the plaintiff amount to legal prejudice. *American Nat. Bank*, 931 F.2d at 1412. The factors to consider in assessing legal prejudice include: the defendants' effort and funds expended towards preparing for trial; the plaintiffs' undue delay or lack of diligence in prosecuting the action; the adequacy of the plaintiffs' explanation for needing to dismiss; *Clark v. Tansy*, 13 F.3d at 1411, the plaintiff's diligence in moving to dismiss; the present stage of litigation; and duplicative expenses involved in a likely second suit, *Zagano v. Fordham University*, 900 F.2d 12, 14 (2nd Cir.), *cert. denied*, 498 U.S. 899, 111 S.Ct. 255, 112 L.Ed.2d 213 (1990). "To avoid a voluntary dismissal, the defendant must establish that the dismissal would work harm 'manifestly prejudicial to the defendant.'" *Saviour*, 126 F.R.D. at 570 (quoting *Belzona Molecular Metalife, Inc. v. Midwest Molecular, Inc.*, No. 86–2564, 1987 U.S.Dist. LEXIS 2561 at *2 (D.Kan. unpub. op. Mar. 13, 1987) (quoting in turn *Spencer v. Moore Business Forms, Inc.*, 87 F.R.D. 118, 119 (N.D.Ga.1980))).

■■■ The only real investment in time and expense for the defendants has been their opposition to the plaintiffs' motion for preliminary injunction. The court narrowed the scope of the injunction hearing to legal arguments and affidavits. The briefs filed in connection with that proceeding did not address issues or facts that were complicated or involved. The motions to dismiss that have been filed rely principally on the legal analysis and conclusions found in the court's memorandum and order filed April 13, 1994. The only new argument and research in those motions concern qualified immunity, which is advanced as a last alternative ground for dismissal. This case is not an instance where the defendants have expended significant time, effort or expense.

From the filing of their complaint, the plaintiffs have acted diligently, if not expeditiously, in pursuing this litigation. They timely filed their motions and memoranda. They appeared to be well-informed of the basic facts and to have done some legal research. The plaintiffs were also diligent in filing their motion to dismiss. Without immediate injunctive relief from this court or similar relief from other courts handling related litigation, Terramara could not continue to provide services in Butler County for much more than several weeks. When the injunctive relief was denied and then Terramara's license was cancelled, the plaintiffs realized that they could not prevent Terramara from going out-of-business in Butler County. Since this was the primary objective of their suit, the plaintiffs could no longer justify the expenses associated with this litigation and sought to dismiss without prejudice. The plaintiffs promptly filed their motion to dismiss one month after the court denied them injunctive relief.

This case has not progressed much beyond the answer stage. The record does not show discovery to have commenced. The defendants are not plainly prejudiced by dismissal at this stage of the litigation.

The defendants make much of the fact that the plaintiffs sought voluntary dismissal only after receiving the adverse ruling in the order of April 13, 1994, and the defendants' motions to dismiss. Courts have said that a plaintiff should not be allowed to dismiss an action if the purpose is to avoid or circum-

vent an adverse ruling. *Phillips USA Inc. v. Allflex USA, Inc.,* No. 92–2405–JWL, 1993 WL 545216, 1993 U.S.Dist. LEXIS 18542 *8 (D.Kan. Dec. 10, 1993) (and cases cited therein); *National American Ins. Co. v. Cigna Property & Casualty Cos.,* 144 F.R.D. 117, 118 (D.Kan.1992). The defendants point to the plaintiffs' admission that "[t]he Order of Judge Crow has so denuded Plaintiffs' standing that Plaintiff counsel has determined that proceeding further would be impracticable." (Dk. 58 at 2). Despite this admission, the court does not consider the plaintiffs' primary purpose for dismissal to be the avoidance of an adverse decision. First, there does not appear to be a likely prospect that the plaintiffs will bring a second suit. Consequently, the plaintiffs are not trying to avoid the court's adverse ruling. Second, the plaintiffs' stated intent in bringing this suit was to avoid the expected personal hardships in changing from Terramara to Flinthills. Now that Terramara is "effectively out of business" (Dk. 63 at 3), the plaintiffs' need for continued care and treatment presumably have forced them into accepting the hardships that they had hoped this litigation would prevent. In the court's judgment, this is the principle reason for the plaintiffs' dismissal. Moreover, the court believes its order of April 13, 1994, is firmly rooted in well-established legal principles and, thus, is not a matter of discretionary rulings over which another court could easily disagree.

The defendants argue legal prejudice in being denied the opportunity to vindicate themselves on the merits. The defendants complain that the plaintiffs in this litigation made serious allegations which have received media coverage. Without a final decision, the defendants say their professional and/or public image "may be adversely effected." The finality these defendants seek, however, is not a trial on the merits but a decision on their Rule 12(b)(6) motions. Considering the narrow legal grounds on which these motions are brought, the court does not appreciate how an order granting those motions would improve the defendants' images or vindicate their factual position.

■ As analyzed above, these factors do not establish any plain legal prejudice to the defendants by the dismissal of this action without prejudice. Nor does the court believe that this is an instance where conditions are necessary to alleviate actual harm to the defendants. *American Nat. Bank and Trust Co.,* 931 F.2d at 1412. Courts often award attorney's fees and particularly costs as a condition. *Taragan v. Eli Lilly and Co., Inc.,* 838 F.2d 1337, 1340 (D.C.Cir.1988). It is not mandatory, however, to condition dismissal on costs to the defendant. *DWG Corp. v. Granada Investments, Inc.,* 962 F.2d 1201, 1202 (6th Cir.1992). These conditions, like the other possible conditions, serve to protect the defendants from undue prejudice and inconvenience caused by the premature dismissal. *Taragan,* 838 F.2d at 1340. Here, the defendants incurred costs and fees in opposing the preliminary injunction and in filing motions to dismiss, but they do not amount to something this court would call substantial or undue. The plaintiffs' prompt dismissal minimizes this loss to the defendants. If the plaintiffs pursue a second lawsuit, the defendants can use what legal research and preparation was done here. The court believes the plaintiffs brought this lawsuit in good faith and with a reasonable belief in the legal and factual merit. The court denies the defendants' request for terms and conditions.

■ Finally, the defendants argue that the plaintiffs are unable to dismiss this class action unilaterally without court approval pursuant to Rule 23(e).[1] The plaintiffs limit their response to pointing out that the court has yet to certify any proposed class. "[C]ourts generally have agreed that actions filed as class suits are within the scope of Rule 23(e) even though they have not been formally certified at the time a settlement is reached." 7B Charles A. Wright, et al., *Federal Practice and Procedure* § 1797 at 347 (1986). However, "there is some authority indicating that if the rights of the other class members could not possibly be prejudiced by

---

1. Rule 23(e) provides:
   A class action shall not be dismissed or compromised without the approval of the court, and

notice of the proposed dismissal or compromise shall be given to all members of the class in such manner as the court directs.

a dismissal, notice of the proposed dismissal is unnecessary." *Id.* at 366. In light of the small class size, the likelihood of former Terramara clients learning of this dismissal through other channels, the early dismissal without prejudice, the lack of possible collusion, and the small danger of the statute of limitations expiring, the court dispenses with the notice and hearing requirements and approves the dismissal without prejudice.

IT IS THEREFORE ORDERED that the plaintiffs' motion to dismiss without prejudice (Dk. 58) is granted;

IT IS FURTHER ORDERED that the defendants' requests for certain terms and conditions to the dismissal are denied;

IT IS FURTHER ORDERED that the dismissal without prejudice is approved pursuant to Rule 23(e).