**Alejandra NUNEZ, Plaintiff,**

v.

**IBP, INC., Defendant.**

**No. 95–4031–SAC.**

United States District Court,
D. Kansas.

July 13, 1995.

Ronald P. Pope, Eugene B. Ralston & Assoc., P.A., Topeka, KS, for plaintiff.

Jack L. Whitacre, Spencer, Fane, Britt & Browne, Kansas City, MO, J. Nick Badgerow, Brian F. Stayton, Spencer, Fane, Britt & Browne, Overland Park, KS, for defendant.

## MEMORANDUM AND ORDER

CROW, District Judge.

On February 16, 1995, Alejandra Nunez commenced this action against IBP, Inc. Nunez' complaint appears to have attempted to assert claims under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, *et seq.*, and Title VII, as well as supplemental discrimination and retaliatory discharge claims. Simultaneous with its answer, IBP filed a motion to dismiss pursuant to Fed. R.Civ.P. 12(b). In its motion, IBP argues that Nunez' complaint fails to state a claim upon which relief may be granted. IBP also argues that the plaintiff's complaint should be dismissed for lack of subject matter jurisdiction.

In response to IBP's motion, Nunez has filed a document titled "Notice of Dismissal without Prejudice" (Dk. 9). Nunez contends that dismissal without prejudice will cause no undue hardship to either party. No depositions have been scheduled. Nunez contends that it is in the best interests of justice to grant her request. Nunez also wishes to reserve the right to "proceed on this cause of action within six (6) months from the date of the dismissal as provided by the Kansas Statutes."

IBP opposes Nunez' request. IBP argues that Nunez' request does not comply with Fed.R.Civ.P. 41(a)(2) and should be denied on that basis alone. IBP notes that the plaintiff does not have an automatic right to a dismissal without prejudice under Rule 41(a)(2) as it has filed responsive pleadings to the plaintiff's complaint. IBP requests the court to rule on its motion to dismiss and deny Nunez' request to dismiss without prejudice. In the alternative, IBP contends that if the court grants Nunez' request to dismiss without prejudice, the court should award it its litigation expenses. IBP concedes that there have been no costs associated with discovery, but argues that it should be reimbursed for the costs it has incurred in preparing its motion to dismiss and its objection to Nunez' notice of dismissal without prejudice.

Nunez responds, arguing that in light of her pending worker's compensation case with the defendant in another forum, dismissal without prejudice is appropriate in this case. According to the plaintiff, the disposition of her worker's compensation case may have some bearing on her ADA claims. Nunez also notes that due to her notice of dismissal, the magistrate judge has cancelled the scheduling conference and the case has apparently been taken off the "discovery track"; voluntary disclosures under Fed.R.Civ.P. 26 have not been made. In what might be best characterized as a festival of cliches, Nunez goes on to suggest that her request for dismissal without prejudice is the best and most efficient means of disposing of this case. Nunez also contends that the imposition of costs and attorney's fees is unwarranted.

### Fed.R.Civ.P. 41(a)(2)

"Federal Rule of Civil Procedure 41(a)(2) governs voluntary dismissals after the opposing party has filed an answer or motion for summary judgment." *Clark v. Tansy,* 13 F.3d 1407, 1411 (10th Cir.1993). Rule 41(a)(2) "is designed 'primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions.'" *Id.* (quoting 9 C. Wright and A. Miller, *Federal Practice and Procedure* § 2364 at 165 (1971) (quoting *Alamance Indus., Inc. v. Filene's,* 291 F.2d 142, 146 (1st Cir.), *cert. denied,* 368 U.S. 831, 82 S.Ct. 53, 7 L.Ed.2d 33 (1961))). "Accordingly, courts generally allow dismissal without prejudice unless the defendant will suffer some plain legal prejudice." *Wimber by and through Wimber v. Dept. S.R.S.,* 156 F.R.D. 259, 261 (D.Kan.1994). "Dismissal under Rule 41(a)(2) is within the sound discretion of the court." *Clark,* 13 F.3d at 1411.

"Federal Rule of Civil Procedure 41(a)(2) permits a court to dismiss an action without prejudice 'upon such terms and conditions as the court deems proper.'" *American Nat. Bank and Trust Co. v. Bic Corp.,* 931 F.2d 1411, 1412 (10th Cir.1991). "Conditions are designed to alleviate any prejudice a defendant might otherwise suffer upon refiling of

an action." *Id.* "The district court should impose only those conditions which actually will alleviate harm to the defendant." *Id.; see Clark,* 13 F.3d at 1411 ("When considering a motion to dismiss without prejudice, 'the important aspect is whether the opposing party will suffer prejudice in the light of the valid interests of the parties.'") (quoting *Barber v. General Electric Co.,* 648 F.2d 1272, 1275 (10th Cir.1981)).

 "Neither the mere prospect of a second lawsuit nor a tactical advantage to the plaintiff amount to legal prejudice." *Wimber,* 156 F.R.D. at 261. The factors to consider in assessing legal prejudice include: the defendants' effort and funds expended towards preparing for trial; the plaintiff's undue delay or lack of diligence in prosecuting the action; the adequacy of the plaintiff's explanation for needing to dismiss; the plaintiff's diligence in moving to dismiss; the present stage of litigation; and duplicative expenses involved in a likely second suit. *Id.* (citations omitted); see *American Nat. Bank and Trust Co.,* 931 F.2d at 1413 ("[I]t is not an abuse of discretion for the district court to dismiss an action without prejudice even where the plaintiff's only motive is to recommence the action in state court."). To successfully oppose a plaintiff's request for voluntary dismissal, the defendant must establish that the dismissal would work harm "manifestly prejudicial" to it. *Wimber,* 156 F.R.D. at 261.

"Rule 41(a)(2) does not require that the plaintiff's request for dismissal take any specific form; it requires only that the court approve such a request for dismissal." *Morris v. City of Hobart,* 39 F.3d 1105, 1109 (10th Cir.1994), *cert. denied,* — U.S. —, 115 S.Ct. 1960, 131 L.Ed.2d 852 (1995).

## Analysis

 Based upon its consideration of the plaintiff's complaint, the defendant's motion to dismiss, the plaintiff's request pursuant to Rule 41(a)(2), and all of the arguments of the parties, the court denies the defendant's motion to dismiss and grants the plaintiff's request to dismiss. The defendant has not demonstrated to the court's satisfaction that it will suffer legal prejudice if the plaintiff's request to dismiss without prejudice is grant-ed. Nunez' request comes in the early stages of this case. No discovery has apparently occurred. The plaintiff promptly requested dismissal in response to the defendant's motion to dismiss. The reasons offered by the plaintiff for dismissing this action at this stage are not wholly unreasonable; the disposition of Nunez' worker's compensation claim may potentially have some bearing on this case or may provide in part the relief that she seeks in this case. See generally, *Simons v. Southwest Petro–Chem, Inc.,* 130 F.R.D. 134 (D.Kan.1990) (granting plaintiff's motion to dismiss without prejudice pursuant to Rule 41(a)(2)), *aff'd,* 28 F.3d 1029 (10th Cir.1994).

 The court rejects IBP's alternative request for attorney's fees associated with the preparation of its motion to dismiss and its response to Nunez' request for dismissal without prejudice.

The district court may require the plaintiff to pay the defendant's attorney's fees as well as other litigation costs and disbursements. It appears somewhat anomalous to require the payment of an attorney's fee if the plaintiff would not have been liable for the fee had the plaintiff lost the case on the merits, but the cases support this result. It is for the court, under the circumstances of the particular case, to decide whether payment of an attorney's fee should be required. The judge is not obliged to order payment of the fee.

9 Charles A. Wright and Arthur R. Miller, *Federal Practice and Procedure* § 2366 at 309–311 (2nd ed. 1994). The court finds that it is inappropriate to award attorney's fees under the *particular circumstances of this case.* Although the defendant's motion to dismiss raises several valid criticisms of the plaintiff's complaint, whether that motion would have ultimately proved successful is doubtful. While the plaintiff's complaint is not a model of clarity, it appears to barely skim over the *minimal requirements imposed* by Fed.R.Civ.P. 8. See generally, *Duffee by and through Thornton v. Murray Ohio Mfg.,* 866 F.Supp. 1321, 1323 (D.Kan.1994) (discussing requirements of Rule 8; court grants

plaintiff fifteen days to cure pleading deficiencies).

Although an award of attorney's fees is unwarranted, the court concludes that an award of costs is appropriate. To an extent, Nunez' complaint invited challenge by the defendant. IBP was clearly entitled to challenge the plaintiff's spartan "notice of dismissal without prejudice"; the challenge IBP mounted was not completely devoid of merit. In some detail, IBP's response discussed most of the legal standards governing Nunez' request to dismiss without prejudice and endeavored to analyze those standards in the context of this case. Under the circumstances of this case, the court awards the defendant costs as allowed under 28 U.S.C. § 1920.

IT IS THEREFORE ORDERED that IBP's motion to dismiss (Dk. 5) is denied.

IT IS FURTHER ORDERED that Nunez' request to dismiss this action without prejudice, contained in her "Notice of dismissal without prejudice" (Dk. 9), is granted.

IT IS FURTHER ORDERED that IBP's request for attorney's fees is denied. IBP's request for costs of defending this action, other than attorney's fees, is granted. IBP is awarded costs as allowed by 28 U.S.C. § 1920.