Leonard **GONZALES**, Gilbert Soto and James Boyd, Plaintiffs,

v.

The **CITY OF TOPEKA KANSAS** and Stephen Thompson in his individual capacity, Defendants.

No. 00–4166–SAC.

United States District Court, D. Kansas.

Nov. 13, 2001.

Pantaleon Florez, Jr., Florez & Frost, P.A., Gary C. West, Topeka, KS, for plaintiffs.

Craig C. Blumreich, William A. Larson, Brian G. Boos, Timothy A. Shultz, Gehrt & Roberts, Chartered, Deanne Watts Hay, Stanley R. Parker, Randy R. Debenham, Parker & Hay, LLP, Topeka, KS, for defendants.

## MEMORANDUM AND ORDER

CROW, Senior District Judge.

The case comes before the court on the Motion to Dismiss without Prejudice (Dk.48) filed by the plaintiffs, Gilbert Soto and James Boyd, the defendant Stephen Thompson's Motion to Dismiss and/or Sanctions against the plaintiff Gilbert Soto (Dk.49); the defendant City of Topeka's Motion to Assess Fees and Expenses as a Condition to Dismissal (Dk.69); and the defendant Thompson's Motion to Assess Fees and Expenses as a Condition to Dismissal (Dk.71). None of the parties filed timely written responses to the pending motions to dismiss. The court conducted a telephone conference on July 17, 2001, directing the parties to confer over appropriate fees and expenses that could be imposed as a condition to dismissal without prejudice. In accordance with the schedule provided by the court, the parties subsequently notified the court that no agreements had been reached and then filed motions, responses and replies regarding the amount of fees and costs.

In their motion to dismiss without prejudice, the plaintiffs' counsel lays out that he has lost contact with the plaintiffs Soto and Boyd, that they have not assisted him in the prosecution of the case, that he cannot say whether the plaintiffs' failure to assist was without cause, and that he can no longer pursue their claims in good faith. The plaintiffs' counsel notes that on May 25, 2001, he asked defense counsel if they would stipulate to dismissal without prejudice as to these two plaintiffs [1] and to inform him after consulting their clients. Though told that the plaintiffs' counsel had not been in contact with Boyd and Soto, Thompson's attorney insisted on appearing at the scheduled depositions on May 30, 2001, and making a record of their failure to appear. During a telephone conference on June 8, 2001, the plaintiffs' counsel again asked about the stipulation of dismissal, and Thompson's attorney then announced her client's opposition [2] and the City's attorney still had not conferred with his client. The plaintiffs' counsel suggests that the plaintiffs' payment of the defendants' reasonable and necessary costs of defense actually incurred to date in the event of refiling would be an appropriate condition to dismissal.

▮▮▮ Rule 41(a)(2) controls voluntary dismissals after the opposing party files an answer or motion for summary judgment. Under Rule 41(a)(2), "an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper." Thus, a dismissal without prejudice under Rule 41(a)(2) depends on the district court's discretion. *American Nat. Bank and Trust Co. v. Bic Corp.*, 931 F.2d 1411, 1412 (10th Cir.1991). "[C]ourts generally allow dismissal without prejudice unless the defendant will suffer some plain legal prejudice." *Wimber By and Through Wimber v. Department of Social and Rehabilitation Services*, 156 F.R.D. 259, 261 (D.Kan. 1994); *see Clark v. Tansy*, 13 F.3d 1407,

1411 (10th Cir.1993) (Rule 41(a)(2) "is designed primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions." (quotation omitted)). "Plain legal prejudice 'is just that-prejudice to some legal interest, some legal claim, some legal argument.'" *Mayes v. Fujimoto*, 181 F.R.D. 453, 456 (D.Hawai'i 1998) (quoting *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir.1996)), *aff'd*, 173 F.3d 861 (9th Cir.1999) (Table). In other words, the court must consider " 'whether the opposing party will suffer prejudice in the light of the valid interests of the parties.'" *Clark v. Tansy*, 13 F.3d at 1411 (quoting *Barber v. General Electric Co.* 648 F.2d 1272, 1275 (10th Cir.1981)). The factors relevant in determining whether defendants would suffer legal prejudice include:

> the defendants' efforts and funds expended towards preparing for trial; the plaintiff's undue delay or lack of diligence in prosecuting the action; the adequacy of the plaintiff's explanation for needing to dismiss; the plaintiff's diligence in moving to dismiss; the present stage of litigation; and duplicative expenses involved in a likely second suit.

*Nunez v. IBP, Inc.*, 163 F.R.D. 356, 359 (D.Kan.1995); *see Clark*, 13 F.3d at 1411. Neither the mere prospect of a second lawsuit against the defendant nor a tactical advantage to the plaintiff amounts to legal prejudice. *American Nat. Bank*, 931 F.2d at 1412.

▮▮▮ Rule 41(a)(2) also gives a court the discretion "to dismiss an action without prejudice 'upon such terms and conditions as the court deems proper.'" *American Nat. Bank and Trust Co. v. Bic Corp.*, 931 F.2d at 1412. "Conditions are designed to alleviate any prejudice a defendant might otherwise suffer upon refiling of an action." *Id.* "The district court should impose only those conditions which actually will alleviate harm to the de-

---

1. On that same day, the parties filed a stipulation of dismissal with prejudice of any claims between the plaintiff James Boyd and the defendant Stephen Thompson, as the plaintiff Boyd never intended to assert any claim against the defendant Thompson. (Dk.42).

2. The billing records of Thompson's attorneys from May 29 and 30, 2001, show they were drafting a motion to compel discovery from the plaintiff Soto and researching and drafting a motion to dismiss Soto's claims as a discovery sanction.

fendant." *Id.; see Nunez v. IBP, Inc.,* 163 F.R.D. at 359. Terms and conditions typically should include at least the payment of taxable costs,[3] but they also may include the payment of some or all of the other expenses and/or attorneys' fees or a requirement on the use of discovery or about the refiling of certain claims. *See* 9 Charles A. Wright and Arthur R. Miller, *Federal Practice and Procedure* § 2366, pp. 305–314 (1995). The moving plaintiff "must be given a reasonable opportunity to withdraw his motion if he finds those conditions unacceptable" or too onerous. *Woodzicka v. Artifex Ltd.,* 25 F.Supp.2d 930, 934 (E.D.Wis.1998) (citing *Marlow v. Winston & Strawn,* 19 F.3d 300, 304 (7th Cir.1994)); *see Mortgage Guar. Ins. Corp. v. Richard Carlyon Co.,* 904 F.2d 298, 301 (5th Cir.1990); 9 *Federal Practice and Procedure* § 2366, p. 316. In sum, Rule 41(a)(2) is designed " 'to prevent voluntary dismissals which unfairly affect the other side.' " *Nunez v. IBP, Inc.,* 163 F.R.D. at 358 (quoting *Clark,* 13 F.3d at 1411).

■ In ordering the payment of costs as a condition, the court "cannot include those expenses for items that will be useful in another action or that were incurred unnecessarily." 9 *Federal Practice and Procedure* § 2366, p. 308; *see also Horton v. Trans World Airlines Corp.,* 169 F.R.D. 11, 18 (E.D.N.Y.1996); *see, e.g., McLaughlin v. Cheshire,* 676 F.2d 855 (D.C.Cir.1982) ("defendant is not entitled to reimbursement for expenses incurred in preparing work product that has been or will be useful in the continuing litigation."); *Johnson v. Pharmacia & Upjohn Co.,* 192 F.R.D. 226, 229 (W.D.Mich. 1999) ("because the purpose of the award is to ensure that a defendant does not have to defend the case twice, only those fees representing work that could not be used in subsequent litigation on the same claims should be awarded."); *U.S. ex rel. Haskins v. Omega Institute, Inc.,* 25 F.Supp.2d 510, 516 (D.N.J. 1998) (the amount of fees and expenses "should be limited to compensation for work that cannot be used in a second contemplated

action or in other pending litigation between the parties"); *Anderberg v. Masonite Corp.,* 176 F.R.D. 682, 687 (N.D.Ga.1997) (condition did not include compensation for discovery relevant to remaining claims); *But see, LeBlang Motors, Ltd. v. Subaru of America, Inc.,* 148 F.3d 680, 685 (7th Cir.1998) (Generally, "the fee award should reimburse the defendant for expenses incurred in preparing work product that will not be useful in subsequent litigation of the same claim," but a court in its discretion may fashion any terms or conditions "necessary to offset the possible prejudice defendant may otherwise suffer from plaintiff dismissing his complaint without prejudice."). When the discovery has been common to the plaintiffs and can be used to defend against the claims of one or more plaintiffs remaining in the case, the defendants' effort and resources expended in general discovery and trial preparation for all the plaintiffs, including the plaintiff seeking dismissal, have not been wasted. *"BD" ex rel. Jean Doe v. DeBuono,* 193 F.R.D. 117, 124 (S.D.N.Y.2000). Thus, unless the defendants would be seriously prejudiced otherwise, a court should not condition a plaintiff's dismissal upon the payment of fees and costs for discovery that the defendants may use against the remaining plaintiffs.

■ The defendants did not file any timely opposition to the plaintiff's motion to dismiss. The court does not consider the defendant Thompson's subsequently filed motion for discovery sanctions to be a response in opposition to the plaintiffs' motion. By the terms of D. Kan. Rule 7.4, the court has the discretion to treat the plaintiffs' motion as uncontested and does so. The plaintiffs propose in their motion as an appropriate condition to dismissal that upon their refiling of these claims they would pay the defendants' their reasonable and necessary costs actually incurred in defending against Soto's and Boyd's claims. During a telephone conference this summer, the court directed the parties to confer in an effort to reach an

3. "[A] defendant is a prevailing party under Rule 54 when, in circumstances not involving settlement, the plaintiff dismisses its case against the defendant, whether the dismissal is with or without prejudice." *Cantrell v. IBEW, AFL–CIO, Local 2021,* 69 F.3d 456 (10th Cir.1995). "Rule 54 creates a presumption that the district court will award costs to the prevailing party." *Id.* (citations omitted). The non-prevailing party has the burden of overcoming this presumption. *Id.*

agreement on the reasonable costs and fees to be imposed as a condition to dismissal. The parties subsequently reported that no agreement had been reached, and the defendants then filed their motions to assess fees and expenses. Because the plaintiffs' motion is uncontested and because the only real dispute is over appropriate terms and conditions of the dismissal, the court jumps past balancing the different relevant factors to deciding on what conditions are reasonable and appropriate here.

In their motions to assess fees and expenses as a condition to dismissal, the defendants make no meaningful attempt to show what costs and fees were incurred for work done exclusively in defending the claims of Soto and Boyd that would not be useful in their ongoing defense to the claims of Leonard Gonzales. For that matter, the records submitted by the defendants afford the court with little basis for separating out such discovery or work, and the court is unwilling to reduce its inquiry to mere guesswork. The one-third and one-half allocations of fees and expenses proposed by the defendants simply fail to account for the fact that much, if not all, of the same discovery and work will be useful in their ongoing defense to Gonzales's claims. The court seriously questions whether any fees and expenses were reasonably and necessarily incurred by the defendants after the plaintiffs' counsel notified them on May 25, 2001, that he had lost contact with Soto and Boyd and that he would be asking for dismissal without prejudice of their claims hopefully with the defendants' cooperation. The court doubts the fairness of forcing the plaintiffs to compensate the defendants for their strategy of opposing dismissal without prejudice and then creating circumstances that would support their request for dismissal with prejudice as a discovery sanction.

Thus, the court grants Soto's and Boyd's motion to dismiss their claims without prejudice upon the following conditions: (1) that upon the refiling of their respective claims Soto and/or Boyd shall compensate the defendants for those fees and expenses incurred for the discovery and work performed prior to May 25, 2001, that was done exclusively in defending the claims of Soto and/or Boyd and that would not be useful in the defendant's ongoing defense to the claims of Leonard Gonzales; (2) that the amount of those fees and expenses to be paid will be determined at the time Soto and/or Boyd refile their claims; and (3) that Soto and Boyd would consent to the availability and use of all discovery conducted in the case *sub judice* as of May 25, 2001, in any refiled action. Because the plaintiffs have the right to withdraw their motion to dismiss when the conditions imposed by the court seem too onerous, the court gives the plaintiffs until November 21, 2001, to withdraw their motion for dismissal without prejudice. If the plaintiffs Soto and Boyd do not withdraw their motion, then this order granting their motion on the above conditions will take effect on November 27, 2001, and the defendant Thompson's motion to dismiss and for discovery sanctions against the plaintiff Soto is denied as moot. If they do withdraw their motion, the court will timely decide the defendant Thompson's motion to dismiss and for discovery sanctions against the plaintiff Soto.

IT IS THEREFORE ORDERED that the Motion to Dismiss without Prejudice (Dk.48) filed by the plaintiffs, Gilbert Soto and James Boyd, is granted on the conditions stated above subject to the plaintiffs' decision to withdraw their motion no later than November 21, 2001;

IT IS FURTHER ORDERED that the defendant Stephen Thompson's Motion to Dismiss and/or Sanctions against the plaintiff Gilbert Soto (Dk.49) is denied as moot unless the plaintiff Soto withdraws his motion to dismiss and the court then will treat the motion as pending;

IT IS FURTHER ORDERED that the defendant City of Topeka's Motion to Assess Fees and Expenses as a Condition to Dismissal (Dk.69), and the defendant Thompson's Motion to Assess Fees and Expenses as a Condition to Dismissal (Dk.71) are granted in part and denied in part;

IT IS FURTHER ORDERED that the defendant Stephen Thompson is awarded his Rule 54 taxable costs as to the plaintiff Soto, and that the defendant City of Topeka is

awarded its Rule 54 taxable costs as to the plaintiffs Soto and Boyd;

IT IS FURTHER ORDERED that this order will take effect on November 27, 2001, if the plaintiffs Soto and Boyd do not withdraw their motion, but if they do withdraw their motion, then this order will have no effect on the parties and the matters addressed herein.