# United States Court of Appeals

## For the Eighth Circuit

_____

No. 12-1415

_____

George A. Donner; Christine L. Donner

*Plaintiffs - Appellees*

v.

Alcoa, Inc.

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: September 20, 2012
Filed: March 6, 2013

_____

Before BYE, GRUENDER, and SHEPHERD, Circuit Judges.

_____

BYE, Circuit Judge.

George Donner sued Alcoa, Inc., in Missouri state court. Donner alleged he contracted pulmonary fibrosis after working with aluminum for many years and that Alcoa failed to warn him of the dangers associated with the use of its aluminum products. After Alcoa removed the case to federal court, Donner moved to voluntarily dismiss his action. He stated an intention to add his Missouri employer to a new suit in state court, thereby destroying diversity jurisdiction. The district court granted the

motion. Alcoa appeals contending the joinder of Donner's employer would be "fraudulent" in the procedural sense. We agree and therefore reverse and remand for further proceedings.

I

Donner worked with aluminum products for twenty-seven years. He was employed by Western Forms, a company in Kansas City, Missouri, that manufactures aluminum forms and related accessories for the pouring of concrete walls and other concrete structures. Employees of Western Forms cut, saw, grind, weld and otherwise process and manipulate aluminum sheet stock. Donner started his career as a grinder, a person who grinds the weld spots off of aluminum products. He worked his way up through the company, advancing to a machine operator, welder, supervisor, manager, and eventually vice president and general manager, all the while being exposed to raw aluminum. Donner then retired from Western Forms to start his own construction business. Two years later, he sought medical treatment after suffering from a sudden, violent coughing attack. A biopsy revealed small aluminum particles embedded in Donner's lungs. He was diagnosed with pulmonary fibrosis resulting from exposure to aluminum. He had a double lung transplant at the age of forty-nine.

In July 2010, Donner brought suit against aluminum manufacturer Alcoa stating claims for (a) strict liability–design defect; (b) strict liability–failure to warn; (c) negligent design and failure to warn; and (d) a loss of consortium claim on behalf of his wife. The suit was brought in Missouri state court. In September 2010, Alcoa removed the action to federal district court based on diversity jurisdiction: the Donners are Missouri residents and Alcoa is a Pennsylvania corporation with its principal place of business in New York.

While Donner's case was pending in federal court, the Missouri Court of Appeals decided KCP&L Greater Missouri Operations Co. v. Cook, 353 S.W.3d 14

(Mo. Ct. App. 2011), which addressed whether the exclusive remedy provisions of workers' compensation laws applied to an employee's contraction of mesothelioma due to asbestos exposure in the workplace. The court held contracting the occupational disease of mesothelioma did not constitute an injury "by accident" under workers' compensation laws and thus did not preclude an employee's common law claims for premises liability and negligence against his own employer. Id. at 19-20.

Relying upon Cook, Donner filed a motion to voluntarily dismiss his federal action pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. Donner stated his intention to add Western Forms as a defendant. Because the addition of Western Forms would destroy diversity jurisdiction, Donner sought voluntary dismissal of his federal action so he could refile his claim in state court.

Alcoa opposed the motion. Noting Donner had failed to present any expert medical evidence to connect his lung condition to products made or sold by Alcoa (the deadline for disclosing experts expired on the same day Donner brought his motion for voluntary dismissal),[1] Alcoa argued Donner was simply attempting to avoid a dismissal on the merits. Alcoa further argued Donner was forum shopping by seeking to take advantage of more relaxed expert evidence standards in state court. Finally, Alcoa contended Donner's stated intention for seeking a dismissal of the federal action – to add Western Forms as a defendant – was improper because Donner had already received workers' compensation benefits for his injuries and therefore Missouri's election of remedies doctrine would bar a tort suit against Western Forms.

---

[1]Although Alcoa had agreed to allow Donner to seek an extension of the deadline for disclosing experts, Alcoa's consent was conditioned on the case remaining in federal court. Donner's motion for voluntary dismissal, if successful, would mean the case would not remain in federal court.

Without considering whether Donner's purported claims against Western Forms were legally viable, the district court granted Donner's motion for voluntary dismissal and entered a final order dismissing the action. Alcoa filed a timely appeal.

II

We review a district court's decision to allow a plaintiff to voluntarily dismiss an action for an abuse of discretion. Thatcher v. Hanover Ins. Grp., Inc., 659 F.3d 1212, 1213 (8th Cir. 2011). The factors a district court should consider when deciding whether to allow a voluntary dismissal include

> whether the party has presented a proper explanation for its desire to dismiss; whether a dismissal would result in a waste of judicial time and effort; and whether a dismissal will prejudice the defendants. Likewise, a party is not permitted to dismiss merely to escape an adverse decision nor to seek a more favorable forum.

Id. at 1213-14 (quoting Hamm v. Rhone–Poulenc Rorer Pharm., Inc., 187 F.3d 941, 950 (8th Cir. 1999)).

On appeal, Alcoa contends the district court abused its discretion in granting the voluntary dismissal without addressing whether Donner's purported basis for adding Western Forms as a defendant had a reasonable basis in fact and law. Cf. Knudson v. Sys. Painters, Inc., 634 F.3d 968, 977-980 (8th Cir. 2011) (discussing the standard we apply when deciding if a plaintiff is improperly attempting to join a diversity-destroying defendant). We agree. The viability of Donner's claims against Western Forms is relevant to determining whether Donner's purpose in seeking a voluntary dismissal was proper or improper, and thus the district court should have considered the issue. In Thatcher, we determined the district court abused its discretion by declining to address a jurisdictional issue which "was at the crux of the issue of whether the motion to dismiss was being used for the improper purpose of seeking a

-4-

more favorable forum." 659 F.3d at 1215. Similarly, in this case, the district court abused its discretion when it failed to consider whether Donner's purported claims against Western Forms had a reasonable basis in fact and law, because "under the fraudulent-joinder exception, a plaintiff cannot defeat a defendant's right of removal by 'fraudulently joining a defendant who has no real connection with the controversy.'" Id. at 1214 (quoting Knudson, 634 F.3d at 976). If a plaintiff has no legally viable claim against a putative defendant, that party has no real connection with the controversy.

Our own consideration of Donner's stated basis for the voluntary dismissal leads us to conclude the claim against Western Forms has no reasonable basis in law. Cook does not help Donner because he has already elected to pursue and receive workers' compensation benefits for his injuries.[2] Under Missouri's election of remedies doctrine, "[a]n injured employee who has accepted benefits paid by his employer in compliance with the [workers'] compensation action cannot maintain a tort action against his employer." Ballinger v. Gascosage Elec. Corp., 788 S.W.2d 506, 516 (Mo. 1990), *overruled on other grounds by* Zueck v. Oppenheimer Gateway Props., 809 S.W.2d 384 (Mo. 1991); see also Neff v. Baiotto Coal Co., 234 S.W.2d 578, 580 (Mo.

---

[2]Donner concedes he has received workers' compensation benefits. He subsequently filed his proposed suit against both Alcoa and Western Forms in state court, a suit Alcoa then removed to federal court. In his motion to remand this related case to state court, Donner admitted he "has received workers' compensation benefits under a 'Temporary Order' but no final order has been entered." See Donner v. Alcoa, Inc., et al., No. 4:12-cv-00431-GAF, Docket #14 at 2 (W.D. Mo. May 7, 2012). The temporary order indicates Western Forms "is liable to claimant for temporary total disability compensation at $675.90 per week beginning on November 8, 2007 and continuing until claimant is found to be at maximum medical improvement." Id. at Docket #1, Exhibit B. We may take judicial notice of the matters filed in this related case. See United States v. Evans, 690 F.3d 940, 943 (8th Cir. 2012) ("[F]ederal courts may sua sponte take judicial notice of proceedings in other courts if they relate directly to the matters at issue." (quoting Conforti v. United States, 74 F.3d 838, 840 (8th Cir. 1996))).

1950) (indicating a plaintiff's election to receive monthly workers' compensation benefits as well as hospital and medical benefits precluded the maintenance of a tort action against his employer for personal injuries suffered on the job).

Donner argues the district court was not obligated to consider whether the election of remedies doctrine barred his claims against Western Forms because there has been no full and final settlement in his workers' compensation proceeding. We disagree. The lack of a full and final settlement is immaterial to whether Donner elected his remedy. In Neff, it was the *receipt* of workers' compensation benefits, not the presence of a final award or judgment, that triggered application of the election of remedies doctrine. 234 S.W.2d at 580. "Plaintiff's retention of the compensation benefits constitutes an election precluding the maintenance of the 'inconsistent' tort action." Ballinger, 788 S.W.2d at 515; see also Alexander v. Link's Landing, Inc., 814 S.W.2d 614, 620 (Mo. Ct. App. 1991) ("Where a party has a right to pursue one of two inconsistent remedies, makes his election [and] receives something of value on the claim, he cannot thereafter pursue another and inconsistent remedy."); Grote Meat Co. v. Goldenberg, 735 S.W.2d 379, 386 (Mo. Ct. App. 1987) (indicating the election of remedies doctrine is binding when "there has been a gain by the plaintiff and a loss by the defendant").

Donner further argues the district court was not obligated to consider the potential merits of his claims against Western Forms because election of remedies is an affirmative defense, see Berger v. Mercantile Trust Co., 353 S.W.2d 644, 647 (Mo. 1961), and Western Forms may or may not raise the defense in state court. Donner argues the district court was not obligated to "speculate" about the outcome of an affirmative defense before granting a voluntary dismissal under Rule 41(a)(2). For this proposition, Donner cites our decision in Calahan v. Rohan, 423 F.3d 815 (8th Cir. 2005). We do not find Calahan helpful in guiding our analysis here.

-6-

Calahan involved two New Jersey coworkers, Calahan and Rohan, who suffered a car accident during a work-related trip to Minnesota. The district court determined Calahan's claim against Rohan (the driver of the car) was barred by New Jersey's Workers' Compensation Act. But instead of dismissing the claim with prejudice following summary judgment, the district court sua sponte dismissed the claim *without* prejudice, apparently to allow Calahan to pursue his claim under the theory that the Minnesota Workers' Compensation Act should apply to his injuries rather than New Jersey law. Id. at 818. The fighting issue in Rohan's cross appeal was whether the district court erred when it granted a dismissal *without* prejudice, instead of dismissing the claim *with* prejudice. See id. at 816.

In Donner's case, we are not reviewing a district court's sua sponte decision to dismiss a claim without prejudice following summary judgment. We are reviewing the grant of a voluntary dismissal under Rule 41(a)(2). Although Calahan analogized to Rule 41(a)(2) precedent to address whether the district court's sua sponte dismissal without prejudice was proper, see id. at 818 (citing Bodecker v. Local Union No. P-46, 640 F.2d 182, 185 n.5 (8th Cir. 1981) and Hamm, 187 F.3d at 950), we believe the analogies were made primarily for the purpose of determining what standard of review to apply to the district court's sua sponte decision. As a result, the unique circumstances involved in Calahan indicate we should not give its holding a broad application. More significantly, although the district court chose not to address the merits of Calahan's claims before granting the dismissal without prejudice, its decision did not turn on whether Calahan's receipt of benefits under New Jersey law would constitute an affirmative defense to his alternate claim under Minnesota law. Thus, even if we were to give Calahan a broader reading than its unique facts justify, we do not see how it supports Donner's claim that the district court here had no obligation to address the application of Missouri's election of remedies doctrine on the grounds that the doctrine is an affirmative defense.

Instead, we read our Rule 41(a)(2) precedent as requiring a district court to make an inquiry into whether a "party has presented a proper explanation for its desire to dismiss." Thatcher, 659 F.3d at 1213 (quoting Hamm, 187 F.3d at 950). Sometimes, such an inquiry will necessarily require the district court to examine the merits of a plaintiff's proposed claims against a diversity-destroying defendant, because an attempt to advance a nonviable claim strongly suggests a party's motive in requesting a voluntary dismissal is merely to seek a more favorable forum.

The overall circumstances here strongly suggest Donner was merely seeking a more favorable forum, and thus the district court should have considered whether Donner's proposed claims against Western Forms had any merit. By the time Donner filed his motion for voluntary dismissal, the district court had already granted judgment on the pleadings with respect to some of Donner's claims, leaving only the failure-to-warn claims pending.[3] Moreover, the deadline for disclosing medical experts expired on the same day Donner filed his motion for a voluntary dismissal, and he had failed to disclose any medical experts to support his claim. Finally, Alcoa brought the election of remedies doctrine to the district court's attention, and it is clear to us the doctrine applies. As a result, in the context of inquiring into Donner's motive and purpose for filing the motion for a voluntary dismissal, we believe the district court had an obligation to address whether the doctrine would bar Donner's proposed claims against Western Forms, and abused its discretion when it failed to do so.

---

[3]Alcoa also appealed the district court's denial of Alcoa's motion for judgment on the pleadings with respect to Donner's failure-to-warn claims. Vacating the dismissal order leaves this case pending in federal court and renders the partial denial of Alcoa's motion interlocutory in nature. We therefore decline to address Alcoa's appeal of the partial denial of its motion.

## III

We reverse the order granting Donner's motion for voluntary dismissal and remand this case to the district court for further proceedings.

_____