[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-14621
_____

D.C. Docket No. 2:12-cv-00033-SLB

SCARLETT GOODWIN,
as the Dependent Widow of Robert Goodwin,
deceased, and as the Administratrix of the
Estate of Robert Goodwin, deceased,

Plaintiff-Appellee,

versus

DEWIGHT REYNOLDS,
an individual,
FIKES TRUCK LINE, LLC,
a company, et al.,

Defendants-Appellants.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____
(July 3, 2014)

Before MARCUS and ANDERSON, Circuit Judges, and GOLDBERG,* Judge.
_____

*Honorable Richard W. Goldberg, United States Court of International Trade Judge, sitting by
designation.

ANDERSON, Circuit Judge:

Pursuant to the so-called "forum-defendant rule," a state-court action that is otherwise removable to federal court solely on the basis of diversity of citizenship is not removable if any of the "parties in interest <u>properly joined and served</u> as defendants is a citizen of the State in which such action is brought."  28 U.S.C. § 1441(b) (2006) (emphasis added).[1]  Plaintiff filed this case in state court.  One of the defendants is a citizen of the forum state.  The two non-forum defendants, however, removed the case to federal court before the forum defendant had yet been served, and indeed before any defendant had been served.  The district court subsequently granted Plaintiff's motion to dismiss the case without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2) so that Plaintiff could refile the case in state court in such a manner as to irrefutably trigger the forum-defendant rule and, thereby, preclude a second removal.  Defendants argue that this was an abuse of discretion.  We hold that under the circumstances of this case, it was not.

## I.    BACKGROUND

---

[1]    This case was filed in state court on December 29, 2011.  An amended version of the statute applies to actions commenced on or after January 6, 2012.  <u>See</u> 28 U.S.C. § 1441(b)(2) & note (2012) (Effective Date of 2011 Amendment).  The language of the amended version is substantively identical in all relevant respects.  <u>See</u> <u>id.</u> § 1441(b)(2) ("A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.").

2

Plaintiff Scarlett Goodwin is the widow of a man who died after he was allegedly struck by a tractor-trailer driven by defendant Dewight Reynolds. Reynolds was working for defendant Fikes Truck Line, LLC ("Fikes")[2] and delivering metal to a facility operated by defendant Precoat Metals Corporation ("Precoat"). On Thursday, December 29, 2011, Plaintiff filed suit against all three defendants in Alabama state court, asserting theories of negligence, vicarious liability, and premises liability. The amount in controversy exceeded $75,000, and the parties were of completely diverse citizenship.[3] Reynolds, however, was a citizen of the forum state.

On the day that Plaintiff filed suit, she requested and paid for the service of process on all three defendants by the state court clerk. She also sent courtesy copies of the complaint to all three defendants. After Fikes received its courtesy copy of the complaint, Fikes and Precoat removed the case to federal court on Wednesday, January 4, 2012, three business days after Plaintiff had filed suit[4] and before any of the defendants had yet been served.[5] Precoat filed an answer the

---

[2]      Reynolds and Fikes are represented by the same attorneys.

[3]      Plaintiff is a citizen of Ohio. Reynolds is a citizen of Alabama. Fikes is a citizen of Arkansas. Precoat is a citizen of Delaware and Missouri.

[4]      Monday, January 2, 2012, was a federal holiday.

[5]      Due to cutbacks and personnel shortages in the state court clerk's office, the service packages intended for Defendants had still not been processed as of January 17, 2012.

same day, thereby precluding Plaintiff from dismissing the case without a court order pursuant to Rule 41(a)(1)(A)(i).

On February 2, 2012, Plaintiff moved to remand the case to state court, arguing that the case had been removed in violation of the forum-defendant rule. In the alternative, Plaintiff moved to dismiss the case without prejudice pursuant to Rule 41(a)(2) so that she could refile the case in state court in such a manner as to irrefutably trigger the forum-defendant rule and, thereby, preclude a second removal.[6]

On September 28, 2012, the district court denied Plaintiff's motion to remand the case to state court but granted her motion to dismiss the case without prejudice.[7] On October 25, 2012, Fikes and Precoat moved to alter or amend the dismissal order. The district court denied this motion on September 3, 2013. All three defendants jointly appealed.

## II.    ANALYSIS

### A. The District Court's Discretion Under Rule 41(a)(2)

Defendants argue that the district court abused its discretion by granting Plaintiff's motion to dismiss the case without prejudice. "The district court enjoys

---

[6]    Specifically, Plaintiff intended to file suit against forum defendant Reynolds, serve him with process, and then join the other two defendants.

[7]    The district court's denial of Plaintiff's motion to remand the case to state court is not before us.

broad discretion in determining whether to allow a voluntary dismissal under Rule 41(a)(2)." Pontenberg v. Bos. Scientific Corp., 252 F.3d 1253, 1255 (11th Cir. 2001) (per curiam). The court's task is to "weigh the relevant equities and do justice between the parties." McCants v. Ford Motor Co., Inc., 781 F.2d 855, 857 (11th Cir. 1986).

We have said that "in most cases a dismissal should be granted unless the defendant will suffer clear legal prejudice, other than the mere prospect of a subsequent lawsuit, as a result." Id. at 856-57 (emphasis in original). "[I]t is no bar to a voluntary dismissal that the plaintiff may obtain some tactical advantage over the defendant in future litigation." Id. at 857. Dismissal may be inappropriate, however, if it would cause the defendant to lose a "'substantial right.'" Pontenberg, 252 F.3d at 1255 (quoting Durham v. Fla. E. Coast Ry. Co., 385 F.2d 366, 368 (5th Cir. 1967)). Another relevant consideration is whether the plaintiff's counsel has acted in bad faith. See id. at 1257-58.

## B. Distinguishing Thatcher and American National Bank

Defendants argue that dismissal was improper because it defeated their "substantial" right of removal.[8] Defendants rely on Thatcher v. Hanover Insurance Group, Inc., 659 F.3d 1212 (8th Cir. 2011). In that case, Thatcher filed a putative

---

[8]    Defendants do not argue that the dismissal caused them any other form of prejudice, nor do they argue that Plaintiff's counsel acted in bad faith.

class action in state court. The defendants removed the case to federal court based on jurisdiction conferred by the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d). Thatcher then moved for voluntary dismissal without prejudice. The district court granted Thatcher's motion. The Eighth Circuit reversed and remanded, ordering the court to consider whether Thatcher's motion was an "improper forum-shopping measure." 659 F.3d at 1215. The Eighth Circuit observed that Thatcher's expressed intent was to drop certain claims "in order to avoid federal jurisdiction" and that Thatcher had not explained how his proposed amendments to the complaint would benefit the putative class. Id. According to the Eighth Circuit, "'a party is not permitted to dismiss merely . . . to seek a more favorable forum.'" Id. (quoting Hamm v. Rhone-Poulenc Rorer Pharm., Inc., 187 F.3d 941, 950 (8th Cir. 1999)). Thatcher suggests that a defendant who properly removes an action to federal court may at least sometimes acquire a "'substantial right'" to have the case heard in a federal forum. See id. (quoting Jones v. Mosher, 107 F. 561, 564 (8th Cir. 1901)).

Thatcher is perhaps in tension with American National Bank & Trust Co. of Sapulpa v. Bic Corp., 931 F.2d 1411 (10th Cir. 1991). In that case, the plaintiffs filed suit in state court. The defendant removed the case to federal court on the basis of diversity of citizenship. The plaintiffs then moved for dismissal without prejudice. The district court granted the plaintiffs' motion. The defendant

6

appealed, arguing that the district court should have conditioned the dismissal on "the requirement that any subsequent action be refiled in federal district court." Id. at 1412. The Tenth Circuit affirmed the unconditional dismissal, holding that "it is not an abuse of discretion for the district court to dismiss an action without prejudice even where the plaintiff's only motive is to recommence the action in state court." Id. at 1413. The court opined that if the plaintiffs refiled the action in state court and, in good faith, joined additional defendants that were citizens of the forum, "the trial may appropriately be in state court, as defendant has no right to trial in federal court."[9] Id. at 1412-13.

Taken together, Thatcher and American National Bank perhaps illustrate some general disagreement regarding the substantiality of a defendant's right of removal. We need not enter that debate today, however, because the present case is clearly distinguishable from both cases. In both Thatcher and American National Bank, the removability of the case was based on the substance of the action. In seeking dismissal, the plaintiffs sought to modify that substance in order to preclude a second removal.[10] By contrast, the purported removability of the present case was

---

[9]    It is not clear from the Tenth Circuit's opinion whether the defendants' right of removal would have been extinguished by operation of the forum-defendant rule or by the destruction of complete diversity. However, the relevant point is the Tenth Circuit's holding that the district court did not abuse its discretion under Rule 41(a)(2) in dismissing the case without prejudice and without imposing a condition that any refiling be in federal court.

[10]    Specifically, in Thatcher the plaintiff intended to drop certain claims in order to defeat federal jurisdiction under the Class Action Fairness Act. Likewise, in American National

7

based on a technicality.  Plaintiff need not modify the substance of her action in order to irrefutably preclude a second removal.[11]  This is an indication that Defendants' right of removal, if any,[12] was not as substantial as in <u>Thatcher</u> and <u>American National Bank</u>.

### C. The Right of Removal and the Forum-Defendant Rule

By its terms, the forum-defendant rule applies only if a forum defendant has been "properly joined and served."  28 U.S.C. § 1441(b) (2006).  Relying on this language, the district court held that this case was removable at the time of removal because the forum defendant, Reynolds, had not yet been served.[13]  That aspect of the district court's order is not before us, and we assume <u>arguendo</u> that it is correct. We nevertheless conclude that Defendants' right of removal, if any, was not at the core of what the removal statute protects.

The forum-defendant rule clearly contemplates Plaintiff's ability to defeat Defendants' purported right of removal in this case.  It is undisputed that if

---

<u>Bank</u>, the Tenth Circuit contemplated that the plaintiffs intended to join additional defendants that were not parties to the original action in order to either destroy diversity or trigger the forum-defendant rule, and thereby defeat removal.

[11]    See <u>supra</u> note 6.

[12]    We assume <u>arguendo</u> that this case was removable when Fikes and Precoat removed it on January 4, 2012.  As noted elsewhere, that issue is not before us.

[13]    As the district court recognized, there is much debate regarding the proper application of this statutory language in such circumstances.  See generally <u>North v. Precision Airmotive Corp.</u>, 600 F. Supp. 2d 1263, 1268-70 (M.D. Fla. 2009).

Reynolds had been served before Fikes and Precoat removed this case, the forum-defendant rule would have barred removal.  The only reason this case is in federal court is that the non-forum defendants accomplished a pre-service removal by exploiting, first, Plaintiff's courtesy in sending them copies of the complaint and, second, the state court's delay in processing Plaintiff's diligent request for service. Defendants would have us tie the district court's hands in the face of such gamesmanship on the part of Defendants.[14]  Moreover, their argument, if accepted, would turn the statute's "properly joined and served" language on its head.

Congress added the "properly joined and served" language to the statute in 1948.  Sullivan v. Novartis Pharm. Corp., 575 F. Supp. 2d 640, 644 (D.N.J. 2008). The published legislative history apparently contains no explanation for this addition.  Id. (describing a "thorough examination" thereof).  Multiple courts, however, have interpreted it as an effort to prevent gamesmanship by plaintiffs. See id. at 643 (collecting cases).  In the view of these courts, the purpose of the language is "to prevent a plaintiff from blocking removal by joining as a defendant a resident party against whom [the plaintiff] does not intend to proceed, and whom [the plaintiff] does not even serve."  Id. at 645.  We find this interpretation

---

[14]     Another indication of gamesmanship is Precoat's filing of an answer on the same day that it filed the notice of removal, before it was even served, in an apparent effort to extinguish Plaintiff's right to dismiss the case without prejudice and without the need for a court order.  See Fed. R. Civ. P. 41(a)(1)(A)(i).

persuasive.[15]  Because the likely purpose of this language is to prevent gamesmanship by plaintiffs, moreover, we cannot believe that it constrains the district court's discretion under Rule 41(a)(2) to undo Defendants' gamesmanship in the circumstances at bar.[16]

## D. Conclusion

There is no indication that either Plaintiff or her counsel has acted in bad faith with respect to this case.  In particular, there is no indication that Plaintiff fraudulently joined the forum defendant, Reynolds, for the sole purpose of triggering the forum-defendant rule.  Indeed, there is every indication that Plaintiff intended to prosecute her claims against Reynolds, who was allegedly driving the truck that killed Plaintiff's husband.

There is also no indication that Defendants suffered any prejudice from the dismissal, other than the loss of their preferred federal forum.  On the particular

---

[15]     Defendants urge us not to join in this "speculation," but they offer no alternative rationale.

[16]     This is not a case in which the district court dismissed the action sua sponte "on grounds that seem[ed] justifiable to [it] but which are not recognized by the controlling statute." Thermtron Prods., Inc. v. Hermansdorfer, 423 U.S. 336, 351, 96 S. Ct. 584, 593 (1976), overruled and superseded by statute on other grounds, Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 714-15, 116 S. Ct. 1712, 1720 (1996), and 28 U.S.C. § 1447 (2012).  Rather, the court acted on Plaintiff's motion and purported to exercise discretion that is clearly conferred to it by Rule 41(a)(2).  The only question is whether the court abused that discretion.
        We likewise reject Defendants' argument that the district court subjected their "statutory right of removal . . . to the plaintiff's caprice."  St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 294, 58 S. Ct. 586, 593 (1938).  Plaintiff did not unilaterally cause this case to be dismissed.  Her motion was subject to the carefully-considered approval of the district court.

10

facts of this case, that loss does not amount to "clear legal prejudice."  Defendants' purported right to be in federal court was based on a technicality; it was not at the core of what the removal statute protects.  Assuming arguendo that this case was removable, we hold that on the particular facts of this case Defendants did not lose any "substantial right" by the dismissal.  There was no abuse of discretion.

    **AFFIRMED.**