# United States Court of Appeals

### For the Eighth Circuit

_____

No. 13-3512

_____

Bill Mullen; Michelle Mullen

*Plaintiffs - Appellees*

v.

Heinkel Filtering Systems, Inc.

*Defendant*

Pepperl & Fuchs, Inc.

*Defendant - Appellant*

_____

No. 13-3513

_____

Bill Mullen; Michelle Mullen

*Plaintiffs - Appellees*

v.

Heinkel Filtering Systems, Inc.

*Defendant - Appellant*

Pepperl & Fuchs, Inc.

*Defendant*

_____

Appeals from United States District Court
for the Northern District of Iowa, Waterloo
_____

Submitted: September 8, 2014
Filed: October 22, 2014
_____

Before WOLLMAN, LOKEN, and MURPHY, Circuit Judges.
_____

WOLLMAN, Circuit Judge.

Heinkel Filtering Systems, Inc. (Heinkel), and Pepperl & Fuchs, Inc. (Pepperl), appeal from an order of the district court[1] granting Bill and Michelle Mullen's motion to dismiss without prejudice. Because the district court did not abuse its discretion, we affirm.

I.

In December 2011, Bill Mullen sustained injuries on the job from a centrifuge manufactured by Heinkel and containing a component part sold and distributed by Pepperl. Mullen and his wife, Michelle, brought suit against Heinkel and Pepperl in Iowa state court, seeking damages based on a products-liability theory. In December 2012, Heinkel removed the case to federal district court on the basis of diversity jurisdiction: the Mullens are Iowa residents, Heinkel is an Ohio corporation with its principal place of business in Ohio, and Pepperl is a New Jersey corporation with its principal place of business in New Jersey.

_____

[1]The Honorable Edward J. McManus, United States District Judge for the Northern District of Iowa.

-2-

In February 2013, the magistrate judge[2] set the scheduling order. The Mullens' deadline for disclosing expert witnesses was May 1, 2013. The deadline was later extended to July 1, 2013. The Mullens failed to name an expert by that date, and they did not file a motion to extend the expert deadline until August 9, 2013. Following an August 28, 2013, hearing on the motion, the magistrate judge entered an order on September 4, 2013, refusing to extend the expert disclosure deadline, finding that the Mullens' attorney "simply forgot about the deadline[,]" which did not constitute "excusable neglect" as required by Federal Rule of Civil Procedure 6(b).

The following day, the Mullens filed a motion to dismiss without prejudice. In their brief supporting the motion, the Mullens stated that because of recent discovery disclosures, they intended to add defendants who had modified, inspected, or serviced the centrifuge. Although the Mullens had not yet taken the depositions necessary to identify these defendants, they argued that they would probably destroy diversity. The Mullens reasoned that these additional defendants were "more than likely Iowa[-]based, since the machine is located [t]here." Furthermore, the Mullens argued that Heinkel and Pepperl would not be prejudiced, since the case had not progressed very far. Both Heinkel and Pepperl filed briefs in opposition.

On September 18, 2013, the Mullens filed a motion requesting reconsideration of the magistrate judge's ruling on the expert deadline, arguing that without expert testimony, the case would not be adjudicated on the merits because the Mullens would be unable to meet their burden of proof. On that same day, the Mullens also filed a motion to compel discovery. On October 21, 2013, the district court entered an order reserving ruling on both the motion to reconsider the magistrate's expert-deadline ruling and the motion to dismiss without prejudice until the magistrate judge resolved the motion to compel.

---

[2]The Honorable Jon Stuart Scoles, Chief United States Magistrate Judge for the Northern District of Iowa.

The magistrate judge held a hearing on the motion to compel discovery on November 4, 2013. Before any ruling was entered on the motion, the district court entered an order on November 8, 2013, granting the Mullens' motion to dismiss without prejudice. The district court's order set forth a brief description of the case, noting that the case had "bec[o]me entangled in discovery and procedural disputes." The district court gave no reason for granting the dismissal, other than stating that the "court considers it proper that under these circumstances the plaintiffs' motion to dismiss without prejudice shall be granted." The district court ordered the parties to bear their own costs, awarded no fees to Heinkel and Pepperl, and entered no ruling on the motion to reconsider the magistrate judge's expert-deadline ruling.

At the time of the dismissal, very little discovery had been completed. Heinkel had responded to some interrogatories and had produced 3500 pages of documents, but had objected to each of the Mullens' requests for production. The Mullens had not yet served discovery on Pepperl, nor had they responded to the defendants' discovery requests. As of September 2013, no depositions had been taken.

As disclosed in the supplemental materials proffered by the Mullens (their motion for permission to file we now grant), the Mullens filed suit in Iowa state court following the dismissal without prejudice. The state court complaint added Control Application & Maintenance, Inc. (Control Application), as a defendant, alleging that Control Application had serviced and maintained the centrifuge. Control Application is an Iowa corporation, having its principal place of business in Illinois.

Heinkel and Pepperl challenge the district court's grant of the Mullens' motion to dismiss without prejudice. They also challenge the district court's failure to condition the dismissal on the payment of fees and costs.

II.

Federal Rule of Civil Procedure 41(a)(2) provides that after a defendant has served its answer, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." We review the district court's decision to grant a plaintiff's motion for voluntary dismissal for abuse of discretion. Donner v. Alcoa, Inc., 709 F.3d 694, 697 (8th Cir. 2013). A district court abuses its discretion:

> when a relevant factor that should have been given significant weight is not considered; when an irrelevant or improper factor is considered and given significant weight; and when all proper factors, and no improper ones, are considered, but the court, in weighing those factors, commits a clear error of judgment.

Thatcher v. Hanover Ins. Grp., Inc., 659 F.3d 1212, 1213 (8th Cir. 2011) (quoting Kern v. TXO Prod. Corp., 738 F.2d 968, 970 (8th Cir. 1984)). When deciding whether to exercise its discretion to allow a voluntary dismissal, the "district court should consider . . . 'whether the party has presented a proper explanation for its desire to dismiss; whether a dismissal would result in a waste of judicial time and effort; and whether a dismissal will prejudice the defendants.'" Donner, 709 F.3d at 697 (quoting Thatcher, 659 F.3d at 1213-14).

The district court's order granting the voluntary dismissal is abbreviated to the point of terseness, but we "must be mindful that the district courts are closer to the facts and the parties, and that not everything that is important about a lawsuit comes through on the printed page." Kern, 738 F.2d at 970. All of the parties submitted briefs supporting or opposing the motion to dismiss, so the relevant factors were before the district court, including the Mullens' explanation that the recent discovery disclosures had alerted them of the need to add defendants who performed maintenance on the centrifuge and who would likely destroy diversity. The magistrate

-5-

judge's adverse ruling on the Mullens' motion to extend the expert deadline may have precipitated the motion for voluntary dismissal, and we recognize that "a party is not permitted to dismiss merely to escape an adverse decision nor to seek a more favorable forum." Donner, 709 F.3d at 697. In contrast to the situation in Donner, however, the Mullens' post-dismissal suit against a corporation that had serviced and maintained the centrifuge stated a legally viable claim against a diversity-destroying defendant.

The grant of voluntary dismissal did not result in a waste of judicial time and effort, because the case had not progressed very far. The magistrate judge held two hearings on discovery disputes, but the case was still in the early stages of discovery. We have upheld granting motions to dismiss without prejudice when the cases were much further along. See Metro. Fed. Bank of Iowa, F.S.B. v. W. R. Grace & Co., 999 F.2d 1257, 1262-63 (8th Cir. 1993) (upholding voluntary dismissal after some discovery had been completed and the defendants filed a motion for summary judgment); Kern, 738 F.2d at 971 (upholding voluntary dismissal after the plaintiff had presented all but one witness at trial).

Finally, Heinkel and Pepperl have pointed out no prejudice resulting from the dismissal. Legal prejudice means "something other than the necessity that defendant might face of defending another action." Kern, 738 F.2d at 970. The expense and effort of drafting and responding to discovery prior to dismissal does not constitute legal prejudice. See id. Neither does the loss of the tactical advantage of the magistrate judge's ruling denying the Mullens' motion to extend the expert deadline. See Hoffmann v. Alside, Inc., 596 F.2d 822, 823 (8th Cir. 1979) (per curiam).

Heinkel and Pepperl point to several cases in which we have upheld a district court's denial of a motion to dismiss without prejudice. "That the denial of the motion would not have been reversible as an abuse of discretion, however, does not mean that granting it was such an abuse. The very concept of discretion presupposes a zone of

choice within which the trial courts may go either way." Kern, 738 F.2d at 971. Accordingly, we conclude that the district court did not abuse its discretion by granting the Mullens' motion to dismiss without prejudice.

III.

Heinkel and Pepperl contend that the district court abused its discretion by failing to award costs and fees. We disagree. "[P]ayment to the defendant of the expenses and a reasonable attorney fee may properly be a condition for dismissal without prejudice under Rule 41(a) but . . . omission of such condition is not necessarily an arbitrary act." Kern, 738 F.2d at 972 (quoting N.Y., Chi. & St. Louis R.R. Co. v. Vardaman, 181 F.2d 769, 771 (8th Cir. 1950)). "The time and effort invested by the parties, and the stage to which the case had progressed, are among the most important factors to be considered in deciding whether to allow a dismissal without prejudice, and, if so, on what conditions." Id. Here, no great progress had been made in the case. The Mullens had not served discovery on Pepperl. Heinkel had responded to some interrogatories and produced 3500 pages of documents, but had objected to each of the Mullens' requests for production. Two months prior to the dismissal, no depositions had been taken; it is unclear from the record if any depositions had been taken at the time of the dismissal. Furthermore, almost all of the efforts expended by Heinkel and Pepperl can be utilized in the state litigation; indeed, at oral argument, Heinkel's representative could not name any discovery obtained in this proceeding that could not be used in the state proceeding. In Vardaman, we upheld the district court's conditioning a voluntary dismissal on the payment of costs, but not attorney's fees, when some depositions had been taken but the case had not yet progressed to trial. 181 F.2d at 770, 772. In the circumstances of the present case, we hold that the district court did not abuse its discretion by granting the voluntary dismissal without awarding fees and costs.

## IV.

The district court's order is affirmed.

_____