**Michelle MEHLE, Plaintiff,**

v.

**TRINITY HIGHWAY PRODUCTS, LLC and Trinity Industries, Inc., Defendant.**

**Civ. No. 15–3263 (RHK/LIB).**

United States District Court, D. Minnesota.

Signed Sept. 11, 2015.

Michael K. Johnson, Rolf Fiebiger, Johnson Becker PLLC, Minneapolis, MN, for Plaintiff.

Bard D. Borkon, Theodore Dorenkamp, Bowman & Brooke LLP, Minneapolis, MN, for Defendant.

## ORDER

RICHARD H. KYLE, District Judge.

This matter is before the Court on Plaintiff's Motion to Dismiss Without Prejudice. For the reasons that follow, the Motion will be denied.

This is a diversity action in which Plaintiff, a Minnesota resident, has sued Defendants, Delaware companies with their principal places of business in Dallas, Texas, over an allegedly defective "impact head" manufactured by them. An impact head is an "end terminal fitted on the blunt end" of a highway guardrail. (Compl. ¶ 7.) It is designed to "extrude" the guardrail in the event it is struck by a motor vehicle, so that the guardrail "flattens out into a ribbon, which allows the energy from the impact to be absorbed and prevent the guardrail from penetrating the vehicle upon impact." (*Id.* ¶ 10.)

According to Plaintiff, Defendants' impact head was installed on a roadside guardrail along Interstate 35 south of Duluth, Minnesota. (*Id.*) She claims that she was involved in an accident on August 23, 2014, in which her vehicle struck the impact head but it failed to perform as designed, resulting in the guardrail penetrating her vehicle and causing her serious injuries. (*Id.* ¶¶ 8-9.) On March 6, 2015, she commenced this action against Defendants in the United States District Court for the Eastern District of Texas, alleging claims for negligence and strict product liability. Defendants answered and shortly thereafter moved to transfer the action to the United States District Court for the Northern District of Texas, the location of

their headquarters. Plaintiff opposed the Motion and argued that the case was appropriately venued in the Eastern District of Texas. (*See* Doc. No. 14.) Yet, she also moved to voluntarily dismiss her Complaint without prejudice, in order to "refil[e] her claim in Dallas County, Texas, state district Court ... where the headquarters of the Defendants are located." (Doc. No. 20 at 1.)[1]

On June 25, 2015, the Texas court denied Defendants' Motion to transfer to the Northern District of Texas and, instead, *sua sponte* transferred the case to this Court, primarily because the accident in question occurred here. In the process, that court did not address Plaintiff's pending Motion to voluntarily dismiss. The case was opened in this Court on August 13, 2015,[2] and a short time later the undersigned ordered the parties to brief the Motion to dismiss; they have now duly complied.

Defendants argue Plaintiff's Motion should be denied because "the District of Minnesota is the most convenient and appropriate venue for this litigation." (Doc. No. 34 at 6.) This is a curious contention, given that Defendants never asked the Texas court to transfer the case here and, in fact, previously argued "the majority of likely witnesses are located in or near the Northern District of Texas" and "the majority of the potentially relevant documents and other evidence is located primarily in or near" that District. (Doc. No. 13 at 1.) Furthermore, Defendants' re-

sponse to Plaintiff's Motion nowhere addresses (or even mentions) the factors a court should consider when deciding whether to permit a plaintiff to voluntarily dismiss her claims.

■■■■ For her part, Plaintiff correctly notes the Court enjoys broad discretion when deciding whether to grant leave to voluntarily dismiss, which discretion is informed by several considerations, including whether dismissal "would result in a waste of judicial time and effort" or would "prejudice the defendant[ ]." *See, e.g., Mullen v. Heinkel Filtering Sys., Inc.,* 770 F.3d 724, 728 (8th Cir.2014). And the Court agrees with Plaintiff that, given the infancy of this case, no obvious prejudice is evident here, nor would a waste of time and effort result from dismissal. That said, the Eighth Circuit has interpreted Rule 41(a)(2), which governs voluntary dismissals, to "requir[e] a district court to make an inquiry into whether a 'party has presented a *proper explanation* for its desire to dismiss.'" *Donner v. Alcoa, Inc.,* 709 F.3d 694, 699 (8th Cir.2013) (emphasis added) (quoting *Thatcher v. Hanover Ins. Grp., Inc.,* 659 F.3d 1212, 1213 (8th Cir. 2011)). And our Court of Appeals has reiterated, time and again, that a party "is not permitted to dismiss merely to ... seek a more favorable forum." *Id.* at 697 (quoting *Thatcher,* 659 F.3d at 1214); *accord, e.g., Cahalan v. Rohan,* 423 F.3d 815, 818 (8th Cir.2005); *Hamm v. Rhone–Poulenc Rorer Pharms., Inc.,* 187 F.3d 941, 950 (8th Cir.1999).[3]

1. Because Defendants had already filed Answers, Plaintiff required leave to voluntarily dismiss. *See* Fed.R.Civ.P. 41(a).

2. No explanation for the lengthy delay is evident from the record.

3. True, as Plaintiff points out, one older case from the Eighth Circuit held that a plaintiff's motivation for seeking voluntary dismissal is irrelevant to the analysis. *Home Owners'*

*Loan Corp. v. Huffman,* 134 F.2d 314, 318 (8th Cir.1943). But to reach that conclusion, *Home Owners'* relied upon *In re Skinner & Eddy Corp.,* 265 U.S. 86, 93, 44 S.Ct. 446, 68 L.Ed. 912 (1924), which held that *at common law* a plaintiff had an "absolute" right to voluntary dismissal. The subsequent promulgation of the Federal Rules of Civil Procedure, and in particular Rule 41, counsels that *In re Skinner & Eddy* and *Home Owners'* are no longer good law.

■ Here, there can be no doubt Plaintiff is forum shopping. Indeed, she essentially acknowledged as much in her Motion, asking for dismissal so that she may "re-fil[e] her claim in Dallas County, Texas, state district Court." (Doc. No. 20 at 1.) Though she has offered no explanation why she desires to do so, *see, e.g., Williams v. Ford Motor Credit Co.,* 627 F.2d 158, 160 (8th Cir.1980), in the Court's view the only possible reason is a tactical one—after all, it was Plaintiff who initially chose to sue in *federal* court in the Eastern District of Texas, and it was Plaintiff who opposed the transfer of her action to the Northern District of Texas but now asks the Court to permit dismissal so that she may re-file in a *state* court located there. In light of these facts, the Court believes Plaintiff has had buyer's remorse about filing in federal court and now hopes to gain an advantage by having her action heard in state court.

This is not a case where, for example, the plaintiff seeks dismissal in order to preserve a claim that would otherwise be lost. *See, e.g., Cahalan,* 423 F.3d at 818. Rather, this is a case in which Plaintiff appears to be seeking a preferred forum for her claims, which presents an improper basis for voluntary dismissal. Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED** that Plaintiff's Motion to Dismiss Without Prejudice (Doc. No. 20) is **DENIED.**