United States Court of Appeals
For the Eighth Circuit
No. 21-2931

Ricky Tillman, Jr.

*Plaintiff - Appellee*

v.

BNSF Railway Company; Donald Handy

*Defendants - Appellants*
_____

Appeal from United States District Court
for the Eastern District of Missouri - Cape Girardeau
_____

Submitted: January 12, 2022
Filed: May 12, 2022
_____

Before LOKEN, GRUENDER, and GRASZ, Circuit Judges.
_____

LOKEN, Circuit Judge.

On August 14, 2020, Titusan Townsend and Ricky Tillman, Sr. died when the car Townsend was driving collided with a BNSF Railway Company train in Hayti, Missouri. Ricky Tillman, Jr. filed a wrongful death suit in Missouri state court against BNSF, train operator Donald Handy, and Townsend. BNSF removed to federal court based on diversity jurisdiction. See 28 U.S.C. §§ 1332(a), 1441(b). Tillman filed a motion to remand, and discovery commenced that included separate

counsel for defendant Townsend's guardian *ad litem* and for his family. After the guardian consented to federal jurisdiction, the district court denied Tillman's motion to remand on March 5, 2021.

On April 7, Townsend's widow filed a wrongful death suit against the City of Hayti and Donald Handy in state court. On April 15, Tillman and his sister filed a wrongful death suit against the City in state court, and a motion to consolidate that action with Townsend's. On April 27, Tillman moved to voluntarily dismiss this case without prejudice, citing his desire to pursue these claims in state court to eliminate potential duplication of evidence and inconsistent verdicts. Because BNSF had answered the Complaint, dismissal required a "court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). BNSF opposed the motion, arguing improper forum shopping and prejudice to the defendants.

The state court granted Tillman's motion to consolidate on June 16, 2021. The district court[1] granted the motion for voluntary dismissal without prejudice on July 21. Noting the complexity of parallel lawsuits and the risk of inconsistent verdicts, the court concluded that a single action in state court "will best allow for efficient use of judicial resources that this Court cannot ignore." BNSF appeals, arguing (i) the court erred when it "failed to address [Tillman's] purpose in seeking to voluntarily dismiss," Thatcher v. Hanover Ins. Grp., Inc., 659 F.3d 1212, 1214 (8th Cir. 2011); and (ii) abused its discretion in dismissing without prejudice because Tillman requested voluntary dismissal "merely to seek a more favorable forum," and "the presence of improper forum shopping . . . is fatal to a voluntary dismissal without prejudice." BNSF urges us to remand with directions to deny the voluntary motion to dismiss. Finding no abuse of discretion, we affirm.

---

[1]The Honorable Stephen N. Limbaugh, Jr., United States District Judge for the Eastern District of Missouri.

# I. The Forum Shopping Issue

**A.** When ruling on a Rule 41(a)(2) motion, district courts must consider "whether the party has presented a proper explanation for its desire to dismiss; whether a dismissal would result in a waste of judicial time and effort; and whether a dismissal will prejudice the defendants." Donner v. Alcoa, Inc., 709 F.3d 694, 697 (8th Cir. 2013), quoting Hamm v. Rhone-Poulenc Rorer Pharms., Inc., 187 F.3d 941, 950 (8th Cir. 1999), cert. denied, 528 U.S. 1117 (2000). We will refer to these as "the Hamm factors." In Thatcher, a class action plaintiff sought voluntary dismissal without prejudice so he could file an amended complaint in state court that would avoid removal under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). Although other Hamm factors weighed in favor of dismissal, we concluded the district court abused its discretion in granting voluntary dismissal "without first addressing whether the motion was an improper forum-shopping measure." 659 F.3d at 1215. Here, BNSF argues the district court failed to consider Tillman's forum shopping motive in granting his motion to dismiss without prejudice.

We agree a district court is obligated to "address the plaintiff's purported reason for the voluntary motion to dismiss" and determine whether the stated purpose is proper. Blaes v. Johnson & Johnson, 858 F.3d 508, 514-15 (8th Cir. 2017). Failure to explain why voluntary dismissal is being sought and to advise what claims may be filed in a new action often justifies denying a motion to dismiss without prejudice. See Paulucci v. City of Duluth, 826 F.2d 780, 783 (8th Cir. 1987); Beavers v. Bretherick, 227 F. App'x 518, 522 (8th Cir. 2007); cf. Graham v. Mentor Worldwide LLC, 998 F.3d 800, 805 (8th Cir. 2021). However, if the plaintiff states a proper justification and the court concludes that the relevant Rule 41(a)(2) factors support voluntary dismissal without prejudice, there is no reversible error if the district court grants the motion without explicitly addressing the "forum shopping" issue. See Blaes, 858 F.3d at 515. In Blaes, the plaintiff explained in his reply brief that he was seeking to refile his products liability action in state court and consolidate

-3-

it with multiple pending actions.  Id. at 512.  The district court concluded the "reason was proper, would not waste judicial time and effort, and would not prejudice defendants."  Id. at 514.  We affirmed, observing the district court "implicitly rejected defendants' argument that Blaes was forum shopping."  Id. at 515.

Here, Tillman's Memorandum supporting his motion for voluntary dismissal without prejudice set forth the proper standard; explained that two actions arising out of the same crash were pending in state court and were not removable; and argued that judicial economy and the interests of justice would be served by dismissing the case without prejudice so it can be refiled and consolidated with the state court cases. In granting the motion, the district court agreed, rejecting BNSF's contention that Tillman manufactured the situation by not adding the City of Hayti as a federal defendant.   The court explained, "the other related case involving defendant Townsend's widow . . . must still be litigated separately in state court," and "Tillman also brings a claim against the deceased Townsend."   In response to BNSF's argument based on Thatcher -- "that plaintiff should not be permitted to forum-shop even if the factors otherwise weigh in favor of dismissal" -- the court stated that Thatcher did not involve a situation "in which a parallel and unremovable state-court case presents the risk of inconsistent verdicts."

BNSF argues this statement demonstrates the court chose *not to consider* forum shopping.  What nonsense.  The court was distinguishing Thatcher, not foregoing analysis of the forum shopping issue.   The plaintiff in Thatcher offered *no* justification for dismissal without prejudice other than a desire to escape federal jurisdiction.  Tillman's reasons for voluntary dismissal -- to avoid multiplicitous litigation and the risk of inconsistent verdicts -- like the trial efficiency reason belatedly put forth in Blaes, squarely addressed the question whether dismissal "would result in a waste of judicial time and effort."   Hamm, 187 F.3d at 950. BNSF's failure-to-consider argument is without merit.

**B.** BNSF argues that <u>Thatcher</u> requires a district court ruling on a Rule 41(a)(2) motion to first consider whether the plaintiff was improperly attempting to escape an adverse decision or seeking a more favorable forum. Only if the court finds that the plaintiff has *no* "forum shopping" motive may it consider whether the other <u>Hamm</u> factors warrant exercise of its discretion to grant voluntary dismissal. We reject this contention. An attorney who files a voluntary dismissal motion for the purpose of refiling the lawsuit elsewhere of course believes the alternative venue would be "more favorable." We decline to adopt a theory that would effectively preclude every motion to dismiss without prejudice.

Without question, we have "repeatedly noted the importance of inquiring into whether a party has a proper explanation for its desire to dismiss and whether a party's motive in requesting a voluntary dismissal is merely to seek a more favorable forum." <u>Graham</u>, 998 F.3d at 805 (citations omitted). BNSF bases its argument on the term "forum shopping," using it as a pejorative. In this case, however, the intimation is deceptive at best. Tillman began the suit in state court rather than federal court, exercising a plaintiff's time-honored right to choose when more than one forum has jurisdiction over his claims. BNSF then removed the action to federal court, exercising a limited statutory right of "forum shopping" first granted in § 12 of the Judiciary Act of 1789. <u>See</u> <u>St. Paul Mercury Indem. Co. v. Red Cab Co.</u>, 303 U.S. 283, 286 (1938). Tillman now seeks to return the case to his original chosen forum in a form that will avoid removal. So who is the forum shopper? This issue should be decided on the merits, not by name-calling.

Using a Rule 41(a)(2) motion to dismiss without prejudice to avoid federal jurisdiction is a recurring tactic. As usual, context matters. When the federal case has progressed to the point where a decision adverse to a plaintiff is imminent, such as the pending summary judgment motion in <u>Hamm</u>, "a party is not permitted to dismiss merely to escape an adverse decision." 187 F.3d at 950 (citations omitted); <u>accord</u> <u>Graham</u>, 998 F.3d at 805 (federal preemption motion pending). Likewise, it

is not a proper purpose when the plaintiff seeks dismissal without prejudice to add a non-diverse defendant *against whom he has no legally viable claim*. See Donner, 709 F.3d at 697. Another specific context is Thatcher, where we remanded because the plaintiff's intent to avoid federal jurisdiction "set forth no adequate reason why it would benefit the class to abandon [the] additional claims" needed to avoid CAFA removal. 659 F.3d at 1214.[2]

Our settled rule is that a plaintiff seeking voluntary dismissal without prejudice must give a reason other than "merely to seek a more favorable forum." Graham, 998 F.3d at 805, quoting Donner, 709 F.3d at 699, and citing Blaes, 858 F.3d at 514-15 and 518-19 (Gruender, J., dissenting), and Hamm, 187 F.3d at 951. Here, as in Blaes, Tillman put forth reasons for voluntary dismissal -- to avoid multiplicitous litigation and the risk of inconsistent verdicts -- consistent with an important Hamm factor -- whether dismissal "would result in a waste of judicial time and effort." 187 F.3d at 950. The district court properly reached the merits of that issue.

## II. Weighing the Hamm Factors

BNSF argues the district court abused its discretion because it (1) granted the motion despite rejecting Tillman's proffered reason; (2) ignored prejudice to defendants; and (3) gave significant weight to an improper factor, the risk of inconsistent verdicts. We disagree.

---

[2]In Thatcher, the class action plaintiff based his remand motion on Eighth Circuit CAFA law that was overruled in Standard Fire Insurance Co. v. Knowles, 568 U.S. 588, 595 (2013), where the Supreme Court observed that federal courts may allow plaintiffs to avoid federal jurisdiction by stipulation only if the stipulation is "binding on all [class member] plaintiffs." That resolved our concern in Thatcher. The district court decision on remand in Thatcher was not appealed, and we do not agree with the broader reasoning in that opinion on which BNSF heavily relies.

(1) The district court did not reject Tillman's proffered reason -- to consolidate claims against all defendants in a single suit. BNSF argued that Tillman's professed concern about parallel litigation was illusory because he could add the City of Hayti as a defendant in his federal suit, rather a separate suit in state court. The district court agreed in part, noting Tillman "might easily add the City of Hayti to this matter and represent his sister's interests as a beneficiary." But the separate unremovable suit filed by Townsend's widow would remain in state court, maintaining the "complexity of the separate suits" and "very real risk of inconsistent judgments."

BNSF argued Tillman's claims against the City are of "questionable merit" -- they are barred by sovereign immunity or procedurally-barred. But Tillman's reply provided argument and authorities supporting the validity of his claims against the City. The district court concluded this reason for voluntary dismissal does not lack a "reasonable basis in law." Donner, 709 F.3d at 697. BNSF argued that procedural improprieties in the appointment of Townsend's original guardian *ad litem* and the timing of Tillman's separate state court suit against the City of Hayti are further evidence of pretext. The district court did not abuse its discretion in concluding these are insufficient reasons to find Tillman's justification pretextual.

(2) Regarding the prejudice factor, "[t]he purpose of Rule 41(a)(2) is primarily to prevent voluntary dismissals which unfairly affect the other side. Courts generally will grant dismissals where the only prejudice the defendant will suffer is that resulting from a subsequent lawsuit." Paulucci, 826 F.2d at 782. In Kern v. TXO Production Corp., Judge Richard Arnold explained, "[b]y 'prejudice' in this context is meant something other than the necessity that defendant might face of defending another action." 738 F.2d 968, 970 (8th Cir. 1984). "[O]ne court is as good as another." Id. at 973, quoting Judge Learned Hand's concurring opinion in Young v. Southern Pacific Co., 25 F.2d 630, 632 (2d Cir. 1928).

BNSF argues the district court abused its discretion "by wholly failing to consider the potential prejudice to the defendants" -- that the plaintiff may not be bound by his stated abandonment of punitive damages, and defendants may lose valid defenses and face "a consolidated state court trial rife with undue sympathy for multiple plaintiffs." These arguments were extensively briefed to the district court. The court did not abuse its discretion in concluding that the prejudices defendants may suffer are those "resulting from a subsequent lawsuit." An extensive discourse was not required. See Mullen v. Heinkel Filtering Sys., Inc., 770 F.3d 724, 728 (8th Cir. 2014); Kern, 738 F.2d at 970.

(3) BNSF's contention that giving weight to the risk of inconsistent verdicts is an improper factor is plainly without merit. Nor was this the district court's sole justification for granting the motion. Rather, the court assessed the judicial economy concerns created by parallel lawsuits arising out of a single accident and concluded that dismissal "will best allow for efficient use of judicial resources that this Court cannot ignore."

Consideration of the Hamm factors is left to the "sound discretion of the district courts. . . . [T]he court has a range of choice, and . . . its decision will not be disturbed as long as it stays within that range and is not influenced by any mistake of law." Kern, 738 F.2d at 970. Here, even if denying Tillman's motion would not have abused the district court's discretion, on these unique procedural facts it was not an abuse of discretion to grant it. "The very concept of discretion presupposes a zone of choice within which the trial courts may go either way." Id. at 971.

The Order of the district court dated July 21, 2021 is affirmed.

_____