# United States Court of Appeals
### For the Eighth Circuit

_____

No. 18-3500
_____

SnugglyCat, Inc.

*Plaintiff - Appellee*

v.

Opfer Communications, Inc.; Lori Robertson; The Bargain Show, LLC; Scott Opfer

*Defendants - Appellants*

Krissy Bernhardi; Chris Louzader; Rob White; James Barton; Doug Schaen;
Marci Bowling

*Defendant*s
_____

Appeal from United States District Court
for the Western District of Missouri - Springfield
_____

Submitted: November 13, 2019
Filed: March 17, 2020
_____

Before SHEPHERD, GRASZ, and KOBES, Circuit Judges.
_____

SHEPHERD, Circuit Judge.

Opfer Communications, Inc., Lori Robertson, The Bargain Show, LLC, and Scott Opfer (collectively Appellants) appeal the district court's[1] order granting SnugglyCat, Inc.'s (SnugglyCat) motion to voluntarily dismiss this action without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2). Having jurisdiction under 15 U.S.C. § 1121(a) and 28 U.S.C. § 1291, we affirm.

I.

Fred and Natasha Ruckel are the owners of SnugglyCat. Fred Ruckel invented a cat toy that is marketed under the "Ripple Rug" trademark and service mark. The Ripple Rug consists of a carpet square that is crumpled and placed on top of a second carpet square to create a ripple effect. The top carpet square contains holes to allow a cat to see and reach underneath in order to interact with toys, its owner, and other animals. SnugglyCat is the sole owner of Federal Trademark Registration No. 4912510 for the Ripple Rug mark and logo design. SnugglyCat alleges that the Ripple Rug mark distinguishes it from similar products and that the Ripple Rug is sold in the United States and internationally, both online and in brick-and-mortar stores. SnugglyCat further alleges that it has spent "substantial sums of money" developing and marketing the Ripple Rug.

In March 2018, SnugglyCat filed a complaint against Appellants and six other individuals, asserting claims under the Lanham Act, 15 U.S.C. § 1051 et seq., as well as pendent state law claims. SnugglyCat alleged that defendants entered into an agreement to create a nationwide direct response television advertising campaign to sell the Purr N' Play, a "knock-off" version of the Ripple Rug. However, SnugglyCat alleged, defendants never actually produced or sold the Purr N' Play; rather, the advertising campaign was in fact a scheme in which defendants utilized SnugglyCat's

---

[1]The Honorable Stephen R. Bough, United States District Judge for the Western District of Missouri.

photographs of, and marketing language for, the Ripple Rug in an attempt to pass off SnugglyCat's Ripple Rug as the Purr N' Play. For example, SnugglyCat alleged that defendants filmed an infomercial that marketed what was purported to be the Purr N' Play but was actually the Ripple Rug, and that the Ripple Rug mark was in fact visible on the product displayed in the infomercial. SnugglyCat alleged that defendants even accepted some consumers' orders, including taking down their credit card and shipping information, despite never producing or selling the Purr N' Play. SnugglyCat alleged that the purpose of defendants' scheme was to destroy SnugglyCat's sales so that SnugglyCat would be forced to sell its business, or its brand and inventory, to defendants. In August 2018, SnugglyCat filed an amended complaint containing largely the same allegations and claims as contained in the initial complaint, but naming only Appellants as defendants.

Appellants moved to dismiss the amended complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. They argued, among other things, that in light of SnugglyCat's admission that Appellants never produced or sold the Purr N' Play, SnugglyCat could not satisfy the "use in commerce" element of its Lanham Act claims because "mere advertising is not enough to constitute 'use in commerce[.]'"[2]  See Sensient Techs. Corp. v. SensoryEffects Flavor Co., 613 F.3d 754, 762 (8th Cir. 2010), cert. denied, 562 U.S. 1270 (2011). Appellants asked the district court to dismiss the amended complaint with prejudice. SnugglyCat filed a response to the motion, arguing that it had alleged that Appellants "did far more than

---

[2]SnugglyCat's Lanham Act claims are brought pursuant to 15 U.S.C. §§ 1114 and 1125(a), both of which require, "as a prerequisite to finding liability, that the defendant 'use in commerce' the protected mark or a colorable imitation thereof." DaimlerChrysler AG v. Bloom, 315 F.3d 932, 936 (8th Cir. 2002). A mark is "deemed to be in use in commerce . . . on goods when . . . (A) it is placed in any manner on the goods . . . or the tags or labels affixed thereto . . . and . . . (B) the goods are sold or transported in commerce." 15 U.S.C. § 1127.

'merely advertise' the Purr N' Play," such as actually accepting orders from consumers. Appellants filed a reply the following day.

Two days later, SnugglyCat filed a motion to voluntarily dismiss the action without prejudice pursuant to Rule 41(a)(2). As the basis for its motion, SnugglyCat stated,

> despite the merits of the claims that it has plead [sic] and the good faith basis it has for filing those claims, SnugglyCat's efforts and resources are insufficient to proceed with its claims against Defendants. SnugglyCat is a small company. It believes the cost of continuing the suit against Defendants' aggressive defense is unsustainable.

SnugglyCat noted that the parties were still in the early stages of discovery, and that no depositions had been scheduled or taken. SnugglyCat also informed the district court that Appellants had rejected SnugglyCat's offer to dismiss the action with prejudice in exchange for Appellants' agreement not to seek attorney fees.

Appellants filed a response in opposition to SnugglyCat's motion, arguing that dismissal of the action without prejudice would prevent Appellants from obtaining "prevailing party" status and, thus, deprive them of the opportunity to recover attorney fees under the Lanham Act. Arguing that such a result would constitute plain legal prejudice, Appellants asked the district court to deny SnugglyCat's motion and to dismiss the action with prejudice, either as a condition of voluntary dismissal or pursuant to the pending Rule 12(b)(6) motion.

The district court issued an order granting SnugglyCat's motion to voluntarily dismiss the action without prejudice and denying as moot Appellants' Rule 12(b)(6) motion. The district court stated:

Plaintiff moves the Court to dismiss this case without prejudice based on Plaintiff's inability to sustain the cost of continuing suit. Defendants urge the Court to dismiss the case with prejudice, arguing that dismissal without prejudice would deprive them of the ability to recover attorney's fees as a prevailing party. The Court finds Plaintiff's motion to be made in good faith and acknowledges that discovery in this case is still in the early stages. The Court further finds that Defendants will not be prejudiced by dismissal without prejudice.

This appeal followed.

## II.

Appellants contend that the district court abused its discretion in allowing SnugglyCat to voluntarily dismiss the action without prejudice. Rule 41(a)(2) provides that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." "We review the district court's decision to grant a plaintiff's motion for voluntary dismissal for abuse of discretion." Mullen v. Heinkel Filtering Sys., Inc., 770 F.3d 724, 727 (8th Cir. 2014). The abuse-of-discretion standard means the district "court has a range of choice, and that its decision will not be disturbed as long as it stays within that range and is not influenced by any mistake of law." Kern v. TXO Prod. Corp., 738 F.2d 968, 970 (8th Cir. 1984).

"When determining whether to allow a voluntary dismissal without prejudice, a district court should consider whether the party has presented a proper explanation for its desire to dismiss; whether a dismissal would result in a waste of judicial time and effort; and whether a dismissal will prejudice the defendants." United States v. Thirty-Two Thousand Eight Hundred Twenty Dollars and Fifty-Six Cents ($32,820.56) in United States Currency ($32,820.56 in U.S. Currency), 838 F.3d 930, 937 (8th Cir. 2016) (internal quotation marks omitted). On appeal, Appellants

challenge the district court's finding with respect to prejudice only.[3] Specifically, they argue that, in finding that Appellants would not be prejudiced by dismissal of the action without prejudice, the district court (1) failed to consider Appellants' argument regarding legal prejudice; (2) committed an error of law; and (3) committed a clear error of judgment. We summarize Appellants' argument regarding legal prejudice, and then address each argument in turn.

A.

The Lanham Act provides that, "in exceptional cases," the court "may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117(a); see First Nat'l Bank in Sioux Falls v. First Nat'l Bank S.D., 679 F.3d 763, 771 (8th Cir. 2012) ("Because the statute states that the court 'may' award attorney's fees in exceptional cases, the district court retains discretion as to the award of attorney's fees even if it finds a case to be exceptional."); Aromatique, Inc. v. Gold Seal, Inc., 28 F.3d 863, 876 (8th Cir. 1994) (per curiam) (emphasizing that the district court's discretion to award attorney fees "is limited to exceptional cases"). Where an action is dismissed without prejudice, there is no "prevailing party" and, thus, neither party is entitled to seek an award of attorney fees under the Lanham Act. See Advantage Media, L.L.C.

---

[3]Appellants do not argue that the district court abused its discretion in considering whether SnugglyCat presented a proper explanation for its motion. Nonetheless, they maintain that SnugglyCat's true reason for seeking dismissal of the action without prejudice was to prevent Appellants from prevailing on their Rule 12(b)(6) motion to dismiss. However, in finding SnugglyCat's motion to have been made in good faith, the district court clearly considered and rejected this argument. See Blaes v. Johnson & Johnson, 858 F.3d 508, 514-15 (8th Cir. 2017) (finding plaintiff's asserted reason for dismissal to be proper and, thus, implicitly rejecting defendants' argument that plaintiff's asserted reason for dismissal was mere pretext for an improper reason). While Appellants might disagree with the district court's determination, such a finding was within the court's range of choice and, thus, will not be disturbed absent a showing that the court abused its discretion.

v. City of Hopkins, Minn., 511 F.3d 833, 837 (8th Cir. 2008) (holding that "prevailing party status" requires a "judicially sanctioned material alteration of the legal relationship between the parties"); see also $32,820.56 in U.S. Currency, 838 F.3d at 937 (holding that a "district court's dismissal without prejudice d[oes] not materially alter the legal relationship of the parties"). In the district court, Appellants argued that dismissal of the action without prejudice would cause them legal prejudice, as a matter of law, by preventing them from obtaining "prevailing party" status and, thus, depriving them of the opportunity to seek attorney fees under the Lanham Act.

B.

We reject Appellants' contention that the district court failed to consider their argument regarding legal prejudice. As is clear from the text of the order, the district court expressly addressed Appellants' argument that a dismissal of the action without prejudice would "deprive them of the ability to recover attorney's fees as a prevailing party." Further, the district court expressly found that in the context of this case Appellants would not be prejudiced by dismissal without prejudice. We find that, by ruling on the issue of prejudice, the district court implicitly rejected Appellants' argument. See Blaes, 858 F.3d at 514-15 (holding that, by ruling that plaintiff's stated purpose for seeking voluntary dismissal was proper, the district court implicitly considered and rejected defendants' argument that plaintiff was seeking voluntary dismissal for the improper purpose of forum shopping). Thus, we find that the district court properly considered Appellants' argument regarding legal prejudice. See id. at 515.

C.

Next, Appellants argue that, as a matter of law, dismissal without prejudice of an action involving a fee-shifting statute results in legal prejudice to the defendant by

depriving it of the opportunity to seek attorney fees as the prevailing party. As already noted, only "prevailing part[ies]" are entitled to seek attorney fees under the Lanham Act, see 15 U.S.C. § 1117(a), and there is no dispute that Appellants did not prevail in the district court. Therefore, Appellants' argument that they suffered legal prejudice is premised on their belief that, but for SnugglyCat's voluntary dismissal, Appellants would have prevailed in the action and then, as prevailing parties, been able to seek and potentially recover attorney fees under the Lanham Act. Appellants' contention that they would have prevailed in the action, however, is pure speculation. The lawsuit was still in its infancy at the time of dismissal; thus, the record is sparse, consisting mostly of the pleadings, briefings on the motions to dismiss, an order to show cause regarding mediation, and some very limited initial discovery. The record contains no substantive rulings or significant factual developments to indicate which party would have prevailed had the action continued. Accordingly, it is pure speculation to contend that Appellants would have been the "prevailing parties" and thus been able to seek—let alone, recover—attorney fees under the Lanham Act. See First Nat'l Bank in Sioux Falls, 679 F.3d at 771; Aromatique, Inc., 28 F.3d at 876. While we have found legal prejudice when dismissal would cause the loss of a material advantage that the nonmoving party would enjoy only if the pending action were to continue, such as the loss of a "proven, valid statute of limitations defense," Metro. Fed. Bank of Iowa, F.S.B. v. W.R. Grace & Co., 999 F.2d 1257, 1262-63 (8th Cir. 1993), we have never held that a mere potential, speculative loss of opportunity as described by Appellants in this case constitutes legal prejudice.

To the extent Appellants ask us to hold that, as a matter of law, dismissal without prejudice of an action involving a fee-shifting statute necessarily causes the defendant to suffer such plain legal prejudice as to bar the plaintiff from obtaining the dismissal of the action without prejudice, we decline to do so. "Motions to dismiss without prejudice are addressed to the sound discretion of the district courts." Kern, 738 F.2d at 970. If, in an appropriate case, a district "court is convinced that dismissal without prejudice at the [plaintiff's] request would cause legal prejudice to

-8-

a [defendant] by unfairly depriving her of the ability to seek attorney fees under [a fee-shifting statute]," the court may exercise its broad discretion to deny the plaintiff's motion or, alternatively, to dismiss the action with prejudice. $32,820.56 in U.S. Currency, 838 F.3d at 936 (emphasis omitted). However, we see no need to adopt a per se rule that would bar dismissal without prejudice in all cases in which a plaintiff has sued under a fee-shifting statute. Accordingly, we find that the district court did not commit an error of law.

## D.

Finally, Appellants argue that the district court abused its discretion by committing a clear error of judgment. However, all of "the relevant factors were before the district court," including the parties' arguments supporting and opposing the pending Rule 12(b)(6) motion. Mullen, 770 F.3d at 728. Moreover, the district court considered SnugglyCat's purported reason for seeking dismissal of the action without prejudice—its inability as a small company to sustain the cost of continuing suit—and expressly found the motion to have been made in good faith. The district court also noted that the parties were still in the early stages of discovery. We must also "be mindful that the district courts are closer to the facts and the parties, and that not everything that is important about a lawsuit comes through on the printed page." Id. (internal quotation marks omitted). In considering the relevant factors, the district court determined that Appellants would not be prejudiced by dismissal without prejudice. Such a finding did not fall outside the range of the district court's permissible choices. Kern, 738 F.2d at 970 (noting that the court's decision will not be disturbed as long as it stays within its range of choice and is not influenced by a mistake of law). Thus, the district court did not commit a clear error of judgment.

Accordingly, we hold that the district court did not abuse its discretion in granting SnugglyCat's motion to voluntarily dismiss without prejudice.

### III.

For the foregoing reasons, we affirm.

_____