IN THE SUPREME COURT OF TENNESSEE
AT NASHVILLE
October 4, 2023 Session

**VANESSA COLLEY v. JOHN S. COLLEY, III**

**Appeal by Permission from the Court of Appeals
Circuit Court for Davidson County
No. 12D-314 Philip E. Smith, Judge**

———————————————————

**No. M2021-00731-SC-R11-CV**

———————————————————

SARAH K. CAMPBELL, J., with whom JEFFREY S. BIVINS, J., joins, concurring in part and concurring in the judgment.

A court-approved marital dissolution agreement awarded Vanessa Turner alimony. Her former husband, John Colley, later sought to modify the alimony award but voluntarily dismissed that post-judgment action without prejudice before it was adjudicated. The question here is whether Ms. Turner is the "prevailing party" in the post-judgment proceeding and therefore entitled to attorney's fees under the parties' marital dissolution agreement and Tennessee Code Annotated section 36-5-103(c). The majority opinion concludes that she is. I agree with that bottom line but not with the entirety of the majority's legal analysis. The majority reasons that Ms. Turner prevailed in the post-judgment proceeding because her objective was to maintain the status quo, and she achieved that objective when her former husband voluntarily dismissed his petition. In my view, a voluntary dismissal without prejudice—standing alone—could not make Ms. Turner a prevailing party. Although Ms. Turner may have "prevailed" in the colloquial sense of that term when the petition was voluntary dismissed, she was a "prevailing party" as that legal term of art has long been understood only because the voluntary dismissal meant that she had succeeded in defending earlier court-awarded relief. To the extent the majority opinion holds that a defendant can be a prevailing party in the absence of any judicially sanctioned change in the parties' legal relationship or judicial rejection of the plaintiff's claims, I disagree. I write separately to explain my position.

I.

This case requires us to interpret the phrase "prevailing party" in both a marital dissolution agreement and a statute. "'Prevailing party' is not some newfangled legal term . . . ." *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Hum. Res.*, 532 U.S. 598, 610 (2001) (Scalia, J., concurring). Rather, when the phrase is used, as it is

here, "in the context of a lawsuit, it is a term of art" with a well-settled meaning. *Id.* at 615; *see also id.* at 603 (majority opinion) (describing the term "prevailing party" as "a legal term of art"); *Lackey v. Stinnie*, 145 S. Ct. 659, 666 (2025) (reiterating that "the phrase 'prevailing party' . . . is a 'legal term of art'" (quoting *Buckhannon*, 532 U.S. at 603)).[1]

Black's Law Dictionary defines this term of art as "[a] party in whose favor a judgment is rendered, regardless of the amount of damages awarded." *Prevailing Party*, Black's Law Dictionary 1351 (11th ed. 2019). Consistent with this definition, both federal and state courts have held that prevailing-party status ordinarily requires a "judicially sanctioned change in the legal relationship of the parties." *Buckhannon*, 532 U.S. at 605; *accord Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469, 484–86 (Tex. 2019); *Carpenter v. State Bd. of Nursing*, 508 S.W.3d 110, 115 (Mo. 2016) (en banc); *Hueble v. S.C. Dep't of Nat. Res.*, 785 S.E.2d 461, 466 (S.C. 2016). Our Court adopted this understanding of the term "prevailing party" in *Fannon v. City of LaFollette*. 329 S.W.3d 418, 430–32 (Tenn. 2010).

For a plaintiff, this requirement is satisfied when he "prevail[s] on the merits of at least some of his claims," or obtains some relief by way of a judicially sanctioned settlement agreement or consent decree. *Buckhannon*, 532 U.S. at 603–04 (quoting *Hanrahan v. Hampton*, 446 U.S. 754, 758 (1980) (per curiam)). It is not met when a plaintiff achieves his objective only because of some voluntary action by the other party that "lacks the necessary judicial *imprimatur* on the change." *Id.* at 605. Nor is it met when a plaintiff obtains preliminary judicial relief that becomes permanent only because "external events convert the transient victory into a lasting one." *Lackey*, 145 S. Ct. at 669.

The test for determining whether a *defendant* is a prevailing party is less settled. The United States Supreme Court considered whether a defendant was entitled to fees in *CRST Van Expedited, Inc. v. EEOC*. 578 U.S. 419, 432 (2016). There, the Court reiterated that the "touchstone of the prevailing party inquiry must be the material alteration of the legal relationship of the parties," 578 U.S. at 422 (quoting *Tex. State Tchrs. Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792–93 (1989)), and that "[t]his change must be marked by 'judicial *imprimatur*,'" *id.* (quoting *Buckhannon*, 532 U.S. at 605). But it also acknowledged that the objectives of plaintiffs and defendants may differ. *Id.* at 431.

---

[1] State courts also understand the term "prevailing party" as a legal term of art. *See, e.g.*, *Bako Pathology LP v. Bakotic*, 288 A.3d 252, 281 (Del. 2022); *River Ridge Dev. Auth. v. Outfront Media, LLC*, 146 N.E.3d 906, 914 (Ind. 2020) (quoting *Buckhannon*, 532 U.S. at 610 (Scalia, J., concurring)); *Antini v. Antini*, 440 P.3d 57, 60 (Okla. 2019); *Ronnisch Constr. Grp., Inc. v. Lofts on the Nine, LLC*, 886 N.W.2d 113, 123 (Mich. 2016); *MC, Inc. v. Cascade City-Cnty. Bd. of Health*, 343 P.3d 1208, 1217 (Mont. 2015) (quoting *Buckhannon*, 532 U.S. at 603 (majority opinion)); *Direct Action for Rts. & Equal. v. Gannon*, 819 A.2d 651, 660 (R.I. 2003) (quoting *Buckhannon*, 532 U.S. at 603).

Whereas "[a] plaintiff seeks a material alteration in the legal relationship between the parties[,] [a] defendant seeks to prevent this alteration to the extent it is in the plaintiff's favor." *Id.* For that reason, it is not necessary that a defendant obtain a favorable judgment on the merits to be treated as a prevailing party. *Id.* Instead, a defendant prevails "whenever the plaintiff's challenge is rebuffed, irrespective of the precise reason for the court's decision" and "even if the court's final judgment rejects the plaintiff's claim for a nonmerits reason." *Id.* Although the plaintiff in *CRST* urged the Court to additionally hold that a *preclusive judgment* is necessary for a defendant to prevail, the Court declined to decide that issue because of inadequate briefing by the parties. *Id.* at 434. Our Court has not previously addressed the prevailing-party test for defendants.

Notwithstanding that some uncertainty exists regarding the prevailing-party test for defendants, nearly all courts to address the issue—both before and after *CRST*—have held that the voluntary dismissal of a claim without prejudice ordinarily does not make the defendant a prevailing party. *See, e.g.*, *Affordable Aerial Photography, Inc. v. Prop. Matters USA, LLC*, 108 F.4th 1358, 1364 (11th Cir. 2024); *SnugglyCat, Inc. v. Opfer Commc'ns, Inc.*, 953 F.3d 522, 527–28 (8th Cir. 2020); *Alief Indep. Sch. Dist. v. C.C. ex rel. Kenneth C.*, 655 F.3d 412, 418 (5th Cir. 2011); *Lorillard Tobacco Co. v. Engida*, 611 F.3d 1209, 1215 (10th Cir. 2010); *Oscar v. Alaska Dep't of Educ. & Early Dev.*, 541 F.3d 978, 981 (9th Cir. 2008); *RFR Indus., Inc. v. Century Steps, Inc.*, 477 F.3d 1348, 1353 (Fed. Cir. 2007); *River Ridge Dev. Auth. v. Outfront Media, LLC*, 146 N.E.3d 906, 914 (Ind. 2020); *Epps v. Fowler*, 351 S.W.3d 862, 869 (Tex. 2011). Those courts have reasoned that a voluntary dismissal without prejudice involves neither a judicial alteration of the parties' relationship nor a judicial rebuff of the plaintiff's claims. As one court explained, "dismissal without prejudice does not alter the legal relationship of the parties because the defendant remains subject to the risk of re-filing." *Oscar*, 541 F.3d at 981. Moreover, a dismissal without prejudice that results solely from the voluntary action of the defendant lacks the judicial imprimatur needed to confer prevailing-party status. *See Affordable Aerial Photography*, 108 F.4th at 1366. Only a few appellate courts have held to the contrary, mostly before *Buckhannon* was decided. *See, e.g.*, *Yampol v. Schindler Elevator Corp.*, 186 So. 3d 616, 617 (Fla. Dist. Ct. App. 2016); *Dean Vincent, Inc. v. Krishell Labs., Inc.*, 532 P.2d 237, 238 (Or. 1975) (en banc); *Andersen v. Gold Seal Vineyards, Inc.*, 505 P.2d 790, 793–94 (Wash. 1973) (en banc).

In my view, Mr. Colley's voluntary dismissal without prejudice of his petition to modify the marital dissolution agreement did not, alone, make Ms. Turner a prevailing party. That's because the voluntary dismissal did not itself alter the parties' legal relationship. Nor did it involve judicial rejection of Mr. Colley's claims, on the merits or otherwise. As we explained in *Himmelfarb v. Allain*, "[w]hen a voluntary nonsuit is taken, the rights of the parties are not adjudicated, and the parties are placed in their original

positions prior to the filing of the suit." 380 S.W.3d 35, 40 (Tenn. 2012).[2] Although a voluntary dismissal in Tennessee "must be followed by an order of voluntary dismissal signed by the court and entered by the clerk," that order simply effectuates the defendant's voluntary decision to nonsuit. Tenn. R. Civ. P. 41.01(3). It does not amount to a judicial rebuff of the plaintiff's claims.

Yet that does not preclude Ms. Turner from establishing prevailing-party status in these proceedings. Ms. Turner was a prevailing party in the earlier divorce proceedings in which the court approved the marital dissolution agreement that awarded her relief. *Cf. Buckhannon*, 532 U.S. at 604 (explaining that a settlement "enforced through a consent decree" suffices as a judicially sanctioned change in the parties' relationship); *Farrar v. Hobby*, 506 U.S. 103, 111 (1992) (explaining that a plaintiff "must obtain an enforceable judgment against the defendant from whom fees are sought, or comparable relief through a consent decree or settlement" to become a prevailing party (citations omitted)). When additional proceedings are necessary to defend or enforce a previous victory, a party can rely on his or her *earlier* prevailing-party status to qualify as a prevailing party in the later proceedings. *See, e.g.*, *Binta B. ex rel. S.A. v. Gordon*, 710 F.3d 608, 623–25 (6th Cir. 2013). That's true even if the additional proceedings don't adjudicate the merits of any claims or result in another judicially sanctioned change in the parties' relationship. *See id.* So long as the party's actions in the additional proceedings are "necessary to enforce" or defend the earlier victory, and the additional proceedings result in a court order that secures the party's earlier success, the party may rely on its earlier prevailing-party status to establish that it prevailed in the later proceeding. *See id.* at 625.

Ms. Turner is a prevailing party here because her former husband's petition to modify the marital dissolution agreement made it necessary for her to defend the court's earlier order. And the voluntary nonsuit of that petition resulted in an order of dismissal that secured her earlier victory. I therefore agree with the Court's conclusion that Ms. Turner is a prevailing party entitled to attorney's fees under the marital dissolution agreement and section 36-5-103(c). I disagree, however, with the majority's view that Ms. Turner became a prevailing party merely by obtaining a voluntary dismissal without prejudice. Ms. Turner's status as a prevailing party here necessarily depends on the *earlier* judicial alteration of the parties' legal relationship. Although she succeeded in this post-judgment litigation when Mr. Colley voluntarily dismissed his petition, she is a "prevailing party" within the meaning of the agreement and the statute only because her success here was necessary to keep intact the earlier court-sanctioned relief.

---

[2] A voluntary dismissal operates as an adjudication on the merits only when the plaintiff has "twice dismissed in any court an action based on or including the same claim." Tenn. R. Civ. P. 41.01(2).

II.

The majority opinion rejects any reliance on federal jurisprudence interpreting the term "prevailing party" in federal statutes. According to the majority, our Court must "interpret state family law statutes in the context of state family law jurisprudence," without regard to how other courts have interpreted the term in other contexts. The problem with this position is that, as explained above, the term "prevailing party" is a legal term of art with a well-settled meaning. And we generally interpret a legal term of art according to its well-settled meaning unless the context makes that meaning implausible. *See State v. Smith*, 893 S.W.2d 908, 929 (Tenn. 1994) (Reid, J., concurring in part and dissenting in part); *Utah Stream Access Coal. v. Orange St. Dev.*, 416 P.3d 553, 558 (Utah 2017) ("'[T]he legislature's use of an established legal term of art incorporates 'the cluster of ideas that were attached to each borrowed word in the body of learning from which it was taken.'" (quoting *FAA v. Cooper*, 566 U.S. 284, 292 (2012)); 2A *Sutherland Statutes and Statutory Construction* § 47:30 (7th ed.), Westlaw (database updated Nov. 2024).

Nothing about the context here prevents us from giving "prevailing party" its usual meaning. The majority insists that attorney's fees are especially important in the family law context because "it is not unusual" for a wealthy former spouse to "force a financially disadvantaged spouse" to incur fees to defend an earlier award. That may be true. But that concern provides no reason to depart from the well-settled meaning of the term "prevailing party." The fact that family law frequently involves post-judgment litigation explains why the attorney's fee provisions in both the marital dissolution agreement and section 36-5-103(c) expressly apply to proceedings related to the enforcement or defense of a previous court order. In that post-judgment context, because there has already been a judicially sanctioned change in the parties' relationship, a spouse defending an earlier award is not required to obtain a further judicially sanctioned change or judicial rebuff to obtain prevailing-party status. *See Binta*, 710 F.3d at 623–25. We therefore need not disregard the large body of federal jurisprudence interpreting the term "prevailing party" to conclude that Ms. Turner is a prevailing party here.

The majority also points to family law decisions from the Tennessee Court of Appeals holding that a defendant who obtains a voluntary dismissal without prejudice is entitled to attorney's fees. All but one of the decisions, however, were decided under a previous version of section 36-5-103(c) that did not include the term "prevailing party." *See Sparkman v. Sparkman*, No. W2012-00405-COA-R3-CV, 2013 WL 3325207, at *5 (Tenn. Ct. App. June 27, 2013); *Pounders v. Pounders*, No. W2010-01510-COA-R3-CV, 2011 WL 3849493, at *4 (Tenn. Ct. App. Aug. 31, 2011); *Hansen v. Hansen*, No. M2008-02378-COA-R3-CV, 2009 WL 3230984, at *3 (Tenn. Ct. App. Oct. 7, 2009). The single case that was decided after the legislature replaced "plaintiff spouse" with "prevailing

party" made no effort to interpret the latter phrase; instead, it summarily followed *Pounders*'s conclusion that the "purpose of [the statute] would not be served if the other spouse could simply dismiss his or her petition prior to the hearing in order to avoid payment of the custodial spouse's attorney's fees." *Hayes v. Scoggin*, No. W2019-00057-COA-R3-CV, 2019 WL 3337219, at *4 (Tenn. Ct. App. July 25, 2019). We are not obliged to follow those decisions. In any event, we can reach the same conclusion here—that a party obtaining a voluntary dismissal without prejudice is entitled to fees—without adopting a family-law-specific interpretation of "prevailing party."

\* \* \*

Although I disagree with the majority's decision to adopt an interpretation of "prevailing party" that applies only in the family law context, lower courts and litigants in future cases should take the majority at its word and avoid extending that sui generis interpretation to other areas of the law. If applied more broadly, the majority's position that a party prevails whenever he achieves his objective in the litigation would disrupt settled precedent and put us out of step with the lion's share of federal and state courts. Because the majority opinion stresses that it is interpreting "prevailing party" only for purposes of the marital dissolution agreement and 36-5-103(c), its reasoning should be cabined accordingly.

_____
SARAH K. CAMPBELL, JUSTICE